432 So.2d 579 (1983)
Gary Lee OWEN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-14.
District Court of Appeal of Florida, Second District.
April 29, 1983.
Rehearing Denied June 13, 1983.
*580 Charles C. Chillingworth of Odom & Chillingworth, P.A., Punta Gorda, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Gary Lee Owen was tried by jury on charges of burglary of a dwelling with intent to commit sexual battery and sexual battery. At the conclusion of the state's evidence, the defendant moved for a judgment of acquittal as to both counts, contending that there was no evidence to establish that he entered the dwelling in question. The trial court denied his motion and the jury returned their verdict of guilty on both charges. After the court denied the defendant's motion for a new trial, this appeal ensued. We reverse.
Defendant Owen raises several issues. We find it necessary to discuss only his contention that the evidence adduced at trial was legally insufficient to support a verdict of guilty on either charge.
The state's evidence established that on the night of May 16, 1980, the fifteen-year old female victim returned home around 11:30 p.m. Her parents were working late and had not yet arrived home. She went to bed and a short time later was awakened when a man entered her bedroom and started taking off his clothes. The victim testified that the intruder was tall and had wavy hair, but because the room was dark she could not clearly identify him. The intruder removed her T-shirt and underwear, lay down on top of her, and attempted to have sex with her. She backed away from her assailant, wrapped a blanket around herself, and ran out of the room. She testified that while she was backing away, the assailant just lay on the bed and would not let her see his face.
The victim then walked out the front door and stood there for three minutes looking back into the house. She could see the assailant walking around in her mother's bedroom. She then ran to the Morris residence two houses away. Within a minute after she arrived, Mrs. Rose Morris sent her adult son, Mike, and his friend, Chris Aniskewicaz, to check out the victim's home. Mike testified that it took them about one minute to reach the young woman's house.
When the two men approached the victim's house, Mike saw an unknown male "flash out from the side of the garage." Chris testified that when they reached the front lawn, they saw a man "running from the side of the house down the street." Chris and Mike chased the suspect through a vacant wooded lot. The suspect reached his car, jumped in, and locked both doors. Mike and Chris banged on the windows, but the suspect just looked straight ahead, started the car, and drove off.
Mike and Chris were able to give the police a detailed description of the suspect *581 and his car. On the basis of this information, the police arrested the defendant Gary Owen two nights later. Mike and Chris positively identified Owen at a photographic display, a live line-up, and at the trial.
The evidence introduced by the state in its attempt to implicate Owen was entirely circumstantial. It is well established that when the state relies on circumstantial evidence, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged. Hall v. State, 90 Fla. 719, 107 So. 246 (1925); Harrison v. State, 104 So.2d 391 (Fla. 1st DCA 1958). It is not sufficient that the facts create a strong probability of, and be consistent with, guilt. They must also eliminate all reasonable hypotheses of innocence. Hall v. State; Terzado v. State, 232 So.2d 232 (Fla. 4th DCA 1970). Evidence that a suspect is present at the scene of a crime and flees after it has been committed is insufficient to exclude a reasonable hypothesis of innocence. Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978); J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980).
Defendant moved for a judgment of acquittal under Florida Rule of Criminal Procedure 3.380(a). The standard we must apply on review of the trial court's denial of his motion is whether the jury might have reasonably concluded that the evidence excluded every reasonable hypothesis of innocence. Tsavaris v. State, 414 So.2d 1087 (Fla. 2d DCA 1982).
Here, the defendant was never identified as the person who committed or attempted to commit the sexual battery, or as the person who committed the burglary. A fundamental principle of our criminal law is that the prosecutor must establish beyond a reasonable doubt the identity of the accused as perpetrator of the charged offense. When the state fails to meet its burden of proving each and every necessary element of the offense charged beyond a reasonable doubt, the case should not be submitted to the jury, and a judgment of acquittal should be granted. Ponsell v. State, 393 So.2d 635 (Fla. 4th DCA 1981). Furthermore, the offense of burglary requires an "entering or remaining in a structure or a conveyance with the intent to commit an offense therein." § 810.02(1), Fla. Stat. (1979). No one saw the defendant enter the victim's home, remain in the house, or leave the house. The state did not offer any evidence of fingerprints, palmprints, or footprints in or about the house. The evidence did establish that he was in the yard, but no one offered testimony to indicate any more than that he was a prowler.
We hold that there was insufficient evidence produced by the state for the jury to infer that the defendant committed the offenses charged. In view of our holding, it is unnecessary for us to discuss any other points raised by the defendant.
Accordingly, we vacate the judgment and sentence and direct the trial court to discharge the defendant.
HOBSON, A.C.J., and LEHAN, J., concur.