HENDRY, Judge.
J.K., a juvenile, appeals from an adjudication of delinquency upon a finding that he was guilty of the charges of burglary and theft. We reverse.
On December 6, 1982, two classrooms of Ponce de Leon Junior High School were burglarized and certain property, an amplifier, hot plate, art supplies, and candles, was stolen. All of the property was later returned to the school by unidentified means. Witnesses testified that they saw appellant carrying boxes marked “candles,” that he was standing in the vicinity near where the amplifier was discovered, and that he allegedly made certain spontaneous statements to the school resource (police) officer which could be interpreted as being incriminating. There was no direct evidence adduced at trial to show that appellant illegally entered the classrooms, removed any of the property, or took part in the return of the property. Appellant’s motion for a judgment of acquittal was denied and this appeal followed.
At trial, both parties stipulated that the evidence against appellant was wholly circumstantial. The supreme court has stated that the standard to be applied is that “[wjhere the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” Jaramillo v. State, 417 So.2d 257 (Fla.1982). In Owen v. State, 432 So.2d 579 (Fla.2d DCA 1983), the court stated that “when the state relies on circumstantial evidence, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged.” Id. at 581 (emphasis in original). See also E.R. v. State, 422 So.2d 88 (Fla.3d DCA 1982); J.A.L. v. State, 409 So.2d 70 (Fla. 3d DCA 1982).
In the case at bar, the circumstances taken as a whole are consistent with a reasonable hypothesis of innocence. The school was selling candles as a fundraising project; appellant, as a student, had every right to be carrying boxes labeled “candles.” The amplifier was found near an area where students await instructions for their physical education classes; appellant was, in fact, awaiting such instructions. The school resource officer could not recol *72 lect whether the allegedly spontaneous in-culpatory statements were made by appellant or a co-defendant. We find the evidence legally insufficient to support a finding of guilt on the crimes charged. The adjudication below is REVERSED.