583 So.2d 779 (1991)
Christopher Todd MOFFATT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3161.
District Court of Appeal of Florida, First District.
August 7, 1991.
*780 Roy M. Kinsey, Jr., of Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Suzanne G. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant was convicted of two counts of possession of controlled substances (Counts II and III) and one count of possession of an alcoholic beverage by a minor (Count VI). On appeal, appellant argues that the evidence was insufficient to support his convictions on Counts II and III. We agree and reverse.
On April 16, 1990, Deputies Enderson and Duell of the Escambia County Sheriff's Department were clocking eastbound traffic on I-10 when Officer Duell saw two vehicles, a Toyota Supra and a Porsche, approaching in the westbound lane at a high rate of speed. Deputy Duell attempted to stop the Porsche but was unsuccessful. Meanwhile, Deputy Enderson stopped the Toyota which was being driven by appellant. Appellant did not attempt to flee but pulled over immediately. Enderson examined appellant's driver's license and wrote a ticket for racing on the highway. During this time, the other occupant of the Toyota, Clarke Frederick, was left unattended in the front passenger seat.
When he approached the car, Enderson observed an open can of beer on the floorboard on the passenger's side. After completing appellant's traffic citation, Enderson cited Frederick for possession of an open container of alcohol in a vehicle. Enderson asked Frederick to step out of the vehicle so he could explain the citation to him. At that time, he noticed several marijuana seeds on the passenger seat. Feeling that there might be other drugs in the car, Enderson walked a drug detection dog around the exterior of the car. The dog indicated a "scratch alert" on the door seams on the passenger side of the car and when placed in the car, indicated a very strong alert in the area of the front of the passenger seat.
After returning the dog to his car, Enderson went back to check the vehicle. He found several marijuana seeds on top of the floor mat on the passenger side. He then lifted the floor mat and found under it a partial marijuana cigarette, an open cigarette *781 pack with a plastic bag containing marijuana, and a clear cassette tape case that contained four pills. Appellant and Frederick were placed under arrest after which the vehicle was more thoroughly searched.
An ice chest containing ice and nine cooled unopened cans of beer were on the back seat of the driver's side. Under the chest was a plastic Certs case containing 17 pills. Two packs of cigarette rolling papers were found in the glove compartment. Additionally, personal belongings and articles of clothing belonging to both appellant and Frederick were found in the car.
Neither the cassette tape container holding the pills nor the cigarette pack containing the marijuana were visible until the passenger side floor mat was lifted. The Certs container was not visible until after the cooler was removed. No contraband was found on appellant's person or in his personal belongings. No fingerprints were found on the contraband and neither appellant nor Frederick made any statement incriminating appellant. Officer Enderson testified that he smelled no odor of marijuana in the car or on appellant. The automobile was actually owned by appellant's father.
Appellant's convictions rested solely on the presence of the controlled substances Alprozolam and Temazepam found in the Certs container located under the cooler. Indeed, in the trial court's "Judgment of Not Guilty as to Count I," in which the court granted appellant's renewed motion for judgment of acquittal on that count, the court specifically observed that it was its intention to find appellant guilty only of possession of the controlled substances in the Certs container found on the driver's side rear seat under the styrofoam cooler.
In reversing appellant's convictions for possession of controlled substances, we turn to certain elemental rules of law. First, since the contraband was concealed, the state was required to prove constructive possession. In order to convict of constructive possession, the state must prove that an accused: (1) had dominion and control over the contraband; (2) knew of the presence of the contraband; and (3) knew of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (1983). Mere proximity to contraband when a defendant is not in exclusive possession of the area is insufficient to demonstrate the necessary dominion and control and is not evidence inconsistent with innocence. D.K.W. v. State, 398 So.2d 885 (Fla. 1st DCA 1981). Moreover, if the premises where the contraband is found is in joint possession of the accused, knowledge of the presence of the contraband and the ability to control it will not be inferred from ownership or possession but must be established by independent proof. Williams v. State, 529 So.2d 345 (Fla. 1st DCA 1988). Such proof may consist either of evidence of actual knowledge of the contraband's presence or evidence of incriminating statements and circumstances from which the jury might lawfully infer the accused's actual knowledge of the presence of contraband. Williams v. State citing Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
In the instant case, given the fact that Frederick was left alone in the car while appellant conversed with Deputy Enderson, and given the lack of proof that appellant possessed actual knowledge of the contraband's presence, or the lack of evidence of incriminating statements and circumstances from which the jury might lawfully infer appellant's actual knowledge of the presence of contraband, we hold that the state failed to carry its burden of proving constructive possession. Rather, as appellant argues, in finding him guilty of possession of the pills found in the Certs case under the cooler, the trial court incorrectly placed inference upon inference. It first inferred from appellant's joint occupancy of the vehicle that he was in possession of and maintained control over the hidden contraband. It then built upon that inference a further inference that appellant had knowledge of the presence of contraband. That inference was found erroneous in Thompson v. State, 375 So.2d 633 (Fla. 4th DCA 1979). The evidence presented by the state is certainly not inconsistent with *782 the reasonable hypothesis that Clarke Frederick secreted the drugs while left alone in the car or at some other time.
Accordingly, we REVERSE appellant's convictions under Counts II and III and REMAND with directions that the court grant appellant's motion for judgment of acquittal on those counts.
ALLEN and WOLF, JJ., concur.