603 So.2d 48 (1992)
Bryan GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2760.
District Court of Appeal of Florida, First District.
July 23, 1992.
*49 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Bryan Griffin has appealed from an order of the trial court revoking his probation. We reverse.
In February 1990, Griffin pled nolo contendere to carrying a concealed firearm, and received 5 years probation. An affidavit of violation of probation was filed on June 25, 1991, based on Griffin's arrest for the misdemeanor offense of loitering and prowling, contrary to section 856.021, Florida Statutes (1989).
At the August 1991 hearing, the arresting officer testified that he had been dispatched at 1:54 A.M. to investigate a complaint of loud noises behind a house. Upon arriving, he saw a black male (not Griffin) walking by a business behind the house. The officer radioed other officers to detain that person "and any other individuals who might be in the area," and proceeded to interview the complainant. He related seeing two individuals trying to break into the business prior to the officer's arrival, but could not describe them due to poor lighting.
The officer then joined other responding officers, who had in the interim detained Griffin along with the person initially observed by the officer. Griffin explained that he was returning home from a late-night club, cutting through yards to avoid a car which was following him. The officer was skeptical of this story based on Griffin's direction of travel, and testified that Griffin's answers "gave him probable cause to arrest him for loitering and prowling." The trial court found Griffin in violation of his probation, and added a requirement of 25 hours community service.
Griffin argues that probation cannot be violated based solely on proof that a probationer has been arrested, Rock v. State, 584 So.2d 1110, 1111 (Fla. 1st DCA 1991), and that the state did not demonstrate that he had committed the offense charged, i.e., had been 1) loitering and prowling in a place, time or manner not usual for a law-abiding individual 2) under circumstances warranting a justifiable and reasonable alarm or immediate concern for the safety of person or property. § 856.021, Fla. Stat. (1989). The state responds that it need not prove an offense beyond a reasonable doubt to show a violation of probation, but rather it must show only by a preponderance *50 of the evidence that the probationer committed the offense charged. Rock at 1112, n. 2.
We agree that proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. A trial judge who has prescribed probation can determine whether a law has been violated on the basis of a hearing, and is authorized to exercise discretion in deciding whether the violation justifies a revocation of probation. Bernhardt v. State, 288 So.2d 490, 501 (Fla. 1974). Further, the state is correct that it need only show by a preponderance of the evidence that the defendant committed the offense charged. Rock at 1112, n. 2.
In this case, therefore, the state was required to show by a preponderance of the evidence that Griffin had been 1) loitering and prowling in a place, at a time or in a manner not usual for law-abiding individuals 2) under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. § 856.021(1), Fla. Stat. Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is flight upon appearance of a law enforcement officer, refusal to identify oneself, or a manifest endeavor to conceal oneself or an object. § 856.021(2), Fla. Stat.
Here, the arresting officer provided the only testimony as to the circumstances of the alleged offense. He did not personally see Griffin at any time prior to his detention by other officers, and the complainant gave him no description of the individuals he saw attempting to break into the business. The arresting officer therefore could not testify that Griffin's conduct met the requirements of the statute and, while the other officers may have made pertinent observations, they did not testify. In short, the state showed only that Griffin was in the neighborhood when the arresting officer made a general request for detention of "anyone in the area."
This evidence is not sufficient to meet even the reduced standard for proof of a violation of probation. We therefore find that the trial court abused its discretion in determining that Griffin had committed the charged offense of loitering and prowling, and in revoking probation based on that determination. The revocation order herein appealed is reversed, and the case remanded for reinstatement of the original order imposing probation.
MINER, J., concurs.
BOOTH, J., dissents.