624 So.2d 362 (1993)
Louis Stanley ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3593.
District Court of Appeal of Florida, First District.
September 17, 1993.
*363 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Louis Stanley Anderson has appealed from an order of the trial court revoking his probation, and from the resulting sentence. We reverse, and remand for further proceedings.
On January 31, 1992, Anderson received one year probation for aggravated assault, conditioned in part on payment of $40.00 monthly toward the cost of supervision, and living and remaining at liberty without violating any law. On April 20, 1992, Anderson's probation officer (Gupton) filed an affidavit of violation of probation, alleging failure to pay supervision costs in January, February or March 1992, and a March 1992 arrest for possession of LSD.
At the October 6, 1992 hearing, Gupton testified that Anderson had not paid $200 in court (not supervision) costs. Officer Angus testified as to the circumstances of the arrest. He stated that, while patrolling a bar parking lot, he saw Anderson in a car looking through the center console, the glove compartment, and under the floor mats. Believing that Anderson was attempting to steal the car, Angus approached and asked what he was doing. Anderson replied that he was looking for his cigarettes. Angus then obtained Anderson's permission to search the car, and found a baggie under a floor mat which appeared to contain LSD. Anderson denied any knowledge of the baggie.
Anderson testified that, because he had no license, Mark Elliott had driven him to the bar in a car belonging to Anderson's mother. He denied putting the LSD in the car, or knowing it was there. He saw the baggie when he pushed aside the floor mat looking for his cigarettes, but paid no attention because similar baggies used to take his lunch to work were all over the car. Anderson introduced an affidavit from Elliott, who averred that the LSD was his, and that he left it under the floor mat without Anderson's knowledge. As to the costs of supervision, Anderson testified that he had gotten a job in early February 1992, but had not paid the costs because he had not been asked to do so.
At the outset of the hearing, the trial judge told Anderson, "I don't have any doubt whatsoever that this LSD belonged to the other guy in the car, nor do I care. You and he and that LSD should not have been in your mother's car with you on probation." The court ruled at the end of the hearing that Anderson violated his probation "by being arrested based on probable cause for possession of LSD," and by not paying the costs of supervision for January, February or March 1992. The court revoked probation, and sentenced Anderson to one year in county jail, plus two years community control followed by two years probation.
Anderson argues that probation should not have been revoked based on the failure to pay the costs of supervision, in that the state adduced evidence only as to his failure to pay court costs. He further argues that the court erred in basing revocation solely on an arrest, Rock v. State, 584 So.2d 1110 (Fla. 1st DCA 1991), and that the state did not show that he possessed the LSD. Anderson also maintains that the sentence is *364 illegal in that, when added to the previous 1-year probationary term, it exceeds the 5-year statutory maximum for a 3d-degree felony. The state responds that Anderson admitted failing to pay supervision costs, and that the trial court imposed the sentence it could have originally imposed before placing Anderson on probation. § 948.06, Fla. Stat. (1991).
Probation cannot be revoked based solely on proof that a probationer has been arrested. Rock; Griffin v. State, 603 So.2d 48, 49 (Fla. 1st DCA 1992). While proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation, Griffin at 50, the state does have the burden to show, by a preponderance of the evidence, that the defendant committed the offense charged. Rock at 1112, n. 2; Griffin at 50.
Here, Anderson did not actually possess the LSD. Therefore, the state had to show by a preponderance of the evidence that he had constructive possession thereof, see Moffatt v. State, 583 So.2d 779 (Fla. 1st DCA 1991). That is, it had to show that he had dominion and control over the LSD, as well as knowledge of its presence and illicit nature. See Brown v. State, 428 So.2d 250 (Fla.), cert. denied 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983).
Constructive possession can be established by circumstantial evidence, Lewis v. State, 570 So.2d 346, 348 (Fla. 2d DCA 1990). In a circumstantial evidence case, while the state need not rebut conclusively every possible variation of events, it must introduce competent evidence inconsistent with the defendant's theory of events. State v. Law, 559 So.2d 187, 189 (Fla. 1990). Further, if the premises where contraband is found is in the joint possession of the defendant, there is no inference of knowledge and ability to control from ownership, but rather there must be independent proof of actual knowledge. Moffatt at 781.
Here, the evidence taken in the light most favorable to the trial court's ruling shows that an officer observed Anderson in a car acting as if he were searching for something. This observation was consistent with Anderson's testimony that he was looking for cigarettes. Further, although Anderson jointly possessed the car with Elliott, there was no independent proof of actual knowledge, i.e., his fingerprints were not on the bag, he did not indicate knowledge of the bag or its contents, and made no attempt to conceal the bag.
Finally, the state did not rebut or discredit Elliott's affidavit averring that the LSD was his, and was in the car without Anderson's knowledge. The trial judge evidently found this affidavit credible, given his comment to Anderson at the outset of the hearing that "he had no doubt whatever that the LSD belonged to the other guy (Elliott)." Based on the foregoing, we find that the state did not meet its burden to show by a preponderance of the evidence that Anderson possessed LSD, and that the trial court reversibly erred in revoking Anderson's probation based solely on his arrest.
However, the trial court's finding that Anderson failed to pay the costs of supervision is supported by Anderson's own testimony that, although employed, he did not pay them as required by the 5th of each month. Therefore, we affirm the trial court's finding as to this violation. The question remains, however, whether the court would have revoked Anderson's probation based on this violation alone. We therefore reverse the revocation order insofar as it is based on Anderson's arrest, and remand for reconsideration by the trial court of whether to revoke, modify or continue probation based only on the failure to pay the supervision costs. See Paterson v. State, 612 So.2d 692 (Fla. 1st DCA 1993). The alleged sentencing error is mooted by this disposition, and we do not address it further.
Affirmed in part, reversed in part and remanded with directions.
BOOTH, JOANOS and ALLEN, JJ., concur.