713 So.2d 1121 (1998)
Carlos Albert AMADOR, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 97-3452, 97-1336.
District Court of Appeal of Florida, Third District.
July 29, 1998.
*1122 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before NESBITT, GODERICH and SHEVIN, JJ.
PER CURIAM.
In these consolidated appeals[1] from a revocation of probation and the sentences thereafter entered, defendant argues that insufficient evidence was presented to revoke probation, and that upon revocation, he was not properly credited for time served. We agree with this latter point, vacate the sentences ordered and remand for correction.
Proof sufficient to allow a criminal conviction is not required to support a trial judge's discretionary order revoking probation; the state need only show by a preponderance of the evidence that the defendant committed the offense charged. See Griffin v. State, 603 So.2d 48 (Fla. 1st DCA 1992); see also Bernhardt v. State, 288 So.2d 490, 495 (Fla.1974). Here, both the victim and the arresting officer testified. Both witnesses substantiated the state's contention that defendant had been involved in a criminal act that led to his arrest.[2]
A defendant's sentence must conform to the oral pronouncement of the sentencing judge as reflected in the transcript. See Stevens v. State, 651 So.2d 831 (Fla. 1st DCA 1995); Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984). Reviewing the record, we agree with defendant's contention that the written sentencing orders on the instant probation violation failed to reflect that the trial court awarded the defendant prison credit for all time served on the counts prior to resentencing.
Accordingly, we affirm the order of probation violation, we vacate the sentences ordered thereon and remand for the lower court to award full credit for time served.
NOTES
[1] This court consolidated case 97-3452, filed by the public defender, with defendant's duplicative pro se appeal, case 97-1336.
[2] Defendant subsequently plead guilty to the charges which formed the basis for the determination of probation violation.