HARRIS, Judge.
While executing a search warrant on a residence in Brevard County, the police observed a male lying completely naked on the ground below a window, the bottom half of which was covered with cardboard that appeared only “partially in place.” A picture was taken of this person, who turned out to be Collins. A search of the room behind the window revealed clothing containing several packets of cocaine. Marijuana was also found in the room and U.S. currency was found in the closet of that room. A small firearm was located on the shelf. Inside the clothing an identification card with Appellant’s name was discovered.
Collins was convicted of trafficking in cocaine. He appeals claiming the court erred in not requiring the State to produce copies of its surveillance tapes taken in preparation for obtaining the search warrant; in failing to prove that at least 28 grams of cocaine were involved and that he constructively possessed the cocaine or knew the substance was cocaine; and in the admission into evidence of the picture of his naked body. We affirm.
The officers discovered 30 to 40 small bags containing what appeared to be crack cocaine. The contents of these bags were commingled into a single bag and transported to the lab for testing. The lab analyst testified that she randomly tested the rocks of suspected cocaine and found 196.5 grams of cocaine. This is adequate proof. See Bond v. State, 538 So.2d 499 (Fla. 3d DCA 1989).
Collins contends that since the packets of cocaine were found in a shirt which was found with the shorts containing his identification card, and not in the shorts, there was insufficient evidence connecting him to the cocaine or to show that he knew the substance was cocaine. But each of these elements may be proved by circumstantial evidence. See Anderson v. State, 624 So.2d 362 (Fla. 1st DCA 1993). Here, the jury considered the fact that the shirt was sitting directly on top of matching shorts containing Collins’ identification and the fact that Collins was lying naked immediately outside the window of the bedroom in which these clothes were found and determined that he knowingly possessed the cocaine in his clothes. We believe the evidence justifies this finding.
Collins failed to demonstrate a need for the confidential informant surveillance tapes. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). There is no showing in this record as to why Collins needs to know the identity of the informant or the contents of his communication. We affirm the court’s ruling on the surveillance tapes.
We also agree that the nude photograph of Collins was material and not unduly prejudicial. The photograph supported the State’s claim that Collins knew the police were coming in and discarded his clothes and departed through the window. The fact that it was not unduly prejudicial is shown by the jury’s acquittal on a companion charge.
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.