724 So.2d 1214 (1998)
Derrick WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4340
District Court of Appeal of Florida, Fourth District.
December 16, 1998.
*1215 Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of possession of a firearm by a convicted felon. He argues that there was insufficient evidence to establish his constructive possession of the firearm, which was found in a vehicle occupied by the appellant and two others. We reverse.
Appellant was the driver of a car being pursued by the police. After the car struck something and came to a stop, all three of the occupants got out of the car and fled. Appellant was apprehended and charged with possession of a firearm by a convicted felon because the police found a firearm on the driver's bucket seat. The car was a four door which had contained two people in the front and one in the rear. Appellant's fingerprints were not found on the gun.
Where a defendant is not in actual possession of a firearm, constructive possession must be established. Dupree v. State, 705 So.2d 90 (Fla. 4th DCA 1998). Constructive possession exists where an accused does not have physical possession of contraband but (1) knows it is within his presence and (2) has the ability to maintain control over it and (3) knows of the illicit nature of the contraband. Smith v. State, 687 So.2d 875 (Fla. 2d DCA 1997). If the area in which the contraband is found is within the defendant's exclusive possession, his guilty knowledge of the presence of the contraband and his ability to maintain control over it may be inferred. Jordan v. State, 548 So.2d 737 (Fla. 4th DCA 1989). If the property where a controlled substance is found is in joint rather than exclusive possession of the accused, then knowledge of the contraband's presence and the ability to control it will not be inferred from the accused's presence but must be established by independent proof. Moffatt v. State, 583 So.2d 779 (Fla. 1st DCA 1991).
In Moffatt the driver of a vehicle, in which there was also a passenger, was convicted of possessing drugs found under a cooler on the driver's side rear seat of the vehicle. In reversing the conviction, the first district observed that the evidence presented by the state was not inconsistent with the reasonable hypothesis that the passenger had placed the drugs under the cooler unbeknownst to the driver. Similarly, the evidence presented by the state in the present case was not inconsistent with one of the passengers having placed the gun on the seat when they fled.
In Smith the defendant was a passenger, and the police found a gun wedged down about eight inches between the driver's bucket seat and the console of the vehicle. The second district reversed appellant's conviction for carrying a concealed weapon, noting that the gun was not visible from where she was sitting, that the weapon was not registered to her, and that there were no fingerprints on the weapon or any other evidence that she was aware of it.[1]
We reverse for entry of a judgment of acquittal.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
STONE, C.J., dissents with opinion.
STONE, C.J., dissenting.
I would affirm. In my judgment, there was sufficient evidence to state a prima facie *1216 case of constructive possession. Had one of the passengers remained in the car, I could concur in applying the reasoning in Moffatt. Here, however, the only evidence is that the occupants all bailed out at the same time, that Appellant was the driver, that the gun was on his seat, near the door, and that Appellant, a convicted felon, fled to avoid capture. I think that is sufficient to create a jury issue as to possession.
NOTES
[1] Judge Stone, in his dissent, points out that the appellant was a convicted felon and fled to avoid capture. We do not agree that reliance on these two facts sufficiently strengthen the state's proof to establish constructive possession in the appellant. It was not just the appellant who fled to avoid capture, but rather all three occupants of the vehicle. Nor do we think the fact that appellant was a convicted felon is relevant to prove that he was in constructive possession. That fact was only in evidence because it is one of the elements of the offense. Moreover, for all we know, the two passengers may also have been convicted felons.