KLEIN, J.
Appellant was convicted of attempted robbery with a firearm and appeals, arguing that there was insufficient evidence to identify him as the perpetrator. We agree and reverse for a judgment of acquittal.
The victim of the robbery, which took place in the office of a rental complex, was unable to identify the perpetrator, as he was wearing a ski mask; however, she described him as wearing dark clothes and dark shoes. She thought he had put a silver revolver to her head. The victim’s son, who was also in the building where the robbery occurred, saw the perpetrator and testified that he was wearing a white windbreaker with some blue on it, that his other clothes were dark, and that he had a chrome revolver. When the perpetrator left he was walking slow, as if he were unable to move faster.. The victim’s son could not identify the perpetrator either.
The only evidence linking appellant to the crime is the testimony of a friend of the appellant, Larrie Scott. Scott lived across the street from the office where the robbery occurred. He knew the appellant well, as they lived near each other and saw each other every few days. A few hours before the robbery, which occurred around 1:15 P.M., appellant and Scott were together at Scott’s house, and appellant asked Scott if he thought the occupants of the development would be making their monthly rental payments at the office in cash. Appellant suggested that if they were, it would be a “tight lick” or “good hit.” Scott interpreted those comments to mean it would be a good place to rob.
At about the time of the robbery, Scott, who was outside his residence, observed someone about ten to fifteen feet from the front door of the rental office, running in the direction of where appellant lived. Scott could not see his face. Scott described the person as wearing brown pants and a blue jacket, which was different from the clothing appellant had been wearing when he was at Scott’s house earlier. Scott testified that the shoes appellant was wearing at his house were white, zip-up tennis shoes, and that the person running from the office was wearing those same white shoes. He also testified that the person’s face was covered, not with a ski mask, but with a shirt. When asked whether he could identify him, Scott testified:
A. I have an opinion about who it might be because of the person, I knew him and it’s, like, from the build and everything, I knew who it was.
Q. Who was it?
A. Byron.
He then identified appellant as Byron. Scott further testified that, although he could not see the person’s face, he was able to identify the person as the appellant because of his build; he was short and “stubby.” The victim testified the perpetrator was about five feet six inches.
Appellant relies on Owen v. State, 432 So.2d 579 (Fla. 2d DCA 1983). In Owen the victim of a sexual assault was unable to *603 identify her assailant. She was able to escape, and after she went to the home of a neighbor, the neighbor’s son and his friend went to her house. As they approached they saw a male run from the side of the garage, chased him down the street, and observed him get into a car and lock the doors. They banged on the windows, but the suspect drove off.
The two men were able to give the police a detailed description of the suspect and his car, and after the suspect was arrested, they identified him from photographs and in a lineup. He was convicted of burglary and sexual battery based on their testimony as to identification. In holding that the trial court should have granted defendant’s motion for judgment of acquittal on burglary and sexual battery, the court explained:
[T]he defendant was never identified as the person who committed or attempted to commit the sexual battery, or as the person who committed the burglary. A fundamental principle of our criminal law is that the prosecutor must establish beyond a reasonable doubt the identity of the accused as perpetrator of the charged offense. When the state fails to meet its burden of proving each and every necessary element of the offense charged beyond a reasonable doubt, the case should not be submitted to the jury, and a judgment of acquittal should be granted.... No one saw the defendant enter the victim’s home, remain in the house, or leave the house. The state did not offer any evidence of fingerprints, palmprints, or footprints in or about the house. The evidence did establish that he was in the yard, but no one offered testimony to indicate any more than that he was a prowler, [citations omitted.]
Owen, 432 So.2d at 581.
Even if we assume the appellant was the person observed by Scott, appellant’s conviction still rests solely on circumstantial evidence, because no one identified him as having been in the building when the robbery occurred. In light of the discrepancies between the victim’s descriptions of the robber and Scott’s description of the person he saw, and the fact that this was the appellant’s neighborhood, there was a reasonable hypothesis of innocence, i.e., the appellant was not the robber. The proof thus failed to “exclude every reasonable hypothesis except that of guilt.” State v. Law, 559 So.2d 187, 188 (Fla.1989); Owen. We therefore reverse for a judgment of acquittal.
GROSS, J„ and FINE, EDWARD H.," Associate Judge, concur.