771 So.2d 1199 (2000)
Douglas BLACKSHEAR, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D99-2369, 4D99-2415 and 4D99-2592.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
Rehearing Denied December 13, 2000.
*1200 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
Based upon appellant's constructive possession of a weapon, the court found him guilty of violating probation and sentenced him to consecutive sentences of life imprisonment. He claims that the court erred, because the evidence of constructive possession was insufficient. We affirm the court's findings, as well as the sentence imposed.
In 1993, when appellant was thirteen years old, he committed three robberies with a firearm. The court transferred him to adult court for prosecution, and appellant was found guilty and received a sentence of fifteen years of probation, even though the sentencing guidelines provided for a sentence of life imprisonment. In 1998, when appellant was nineteen years old, a police officer with the City of Boca Raton stopped a vehicle in which appellant was riding as the front seat passenger, for a traffic infraction. The officer saw a backseat passenger with his hands underneath the back seat. While standing at the opened back door, the officer observed appellant in the front passenger seat "bending down, reaching underneath the seat or next to his feet. He was very nervous." The officer believed that appellant was placing either a weapon or drugs under the front bench seat. Another officer who had arrived also saw appellant reaching under the seat. The officer ordered appellant to exit the vehicle. As appellant stepped out, the officer observed a black nine millimeter handgun in plain view under the front seat. Appellant was arrested, and the gun was taken into possession. Appellant's fingerprints were not found on the gun, and it was not licensed to him. However, it was the only thing under the seat. The officer never observed the driver reach under the seat in that area and also believed that the people in the back seat could not reach the spot where the gun was found.
At the probation hearing, one of the officers testified that another passenger told the police that appellant tried to push the gun towards him after they were pulled over. The officers found a second gun in the back seat. One passenger also told the police that they were in the area to commit a robbery. Based upon this evidence at the probation hearing, the court revoked appellant's probation and sentenced him to three consecutive life terms of imprisonment.
To revoke probation, the conscience of the court must be satisfied that the state proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, wilfully, and substantially violated a condition of his or her probation. See Jones v. State, 730 So.2d 349, 351 (Fla. 4th DCA 1999); see also Amador v. State, 713 So.2d 1121, 1122 (Fla. 3d DCA 1998)(proof sufficient to support a criminal conviction is not required to revoke probation). Appellant claims that the evidence was insufficient to prove his constructive possession of the weapon. We disagree.
*1201 Appellant relies on Williams v. State, 724 So.2d 1214 (Fla. 4th DCA 1998), in which this court found evidence of constructive possession of a firearm insufficient to support the conviction. In Williams this court stated:
Constructive possession exists where an accused does not have physical possession of contraband but (1) knows it is within his presence and (2) has the ability to maintain control over it and (3) knows of the illicit nature of the contraband. If the area in which the contraband is found is within the defendant's exclusive possession, his guilty knowledge of the presence of the contraband and his ability to maintain control over it may be inferred. If the property where a controlled substance is found is in joint rather than exclusive possession of the accused, then knowledge of the contraband's presence and the ability to control it will not be inferred from the accused's presence but must be established by independent proof.
Id. at 1215 (citations omitted). The defendant in Williams was the driver of a vehicle that was being chased by the police. After the vehicle was stopped, all of the passengers fled. The police found a gun in the driver's seat of the vehicle. This court held that the evidence was not inconsistent with a passenger having placed the gun on the seat as the passenger fled the vehicle.
In contrast, in the instant case, the officers saw appellant reaching under the seat, in the very vicinity where the officer then observed the gun in plain view when appellant exited the vehicle. Another passenger told police that appellant was pushing the gun towards the back seat passenger after they were pulled over. This type of specific evidence was not present in Williams. We conclude that it is sufficient evidence to support the court's finding that appellant possessed a firearm.
Appellant also complains that his life sentences, imposed for crimes he committed at age thirteen, amount to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Florida Constitution. However, when appellant committed his crimes and was certified as an adult, he was placed on probation, not sentenced to life imprisonment as he could have been under the sentencing guidelines. The life sentences were imposed only after the violation of probation, when appellant was twenty years old. Thus, appellant was sentenced at age twenty for crimes that the legislature has authorized a sentence of life imprisonment. See Hale v. State, 630 So.2d 521, 526 (Fla.1993)(length of sentence imposed is matter of legislative prerogative).
Even considering age, appellant's sentence is not grossly disproportionate. Appellant was originally charged and sentenced as an adult and did not object. The crimes to which he pled were serious, violent crimes. By his plea and sentence to probation, he was given an opportunity to avoid incarceration by successfully completing his probation, which he did not. Instead he was arrested for possession of a firearm in violation of his probation. Finally, the life sentence was imposed for a violation of probation at age twenty. Not only was the sentence imposed for three different armed burglaries, but appellant also had a long history of other convictions, including five for strong armed robbery, many convictions for burglary, grand theft, and additional misdemeanors.
Sentences imposed on juveniles of life imprisonment are not uncommon in Florida Courts. See, e.g., Ritchie v. State, 651 So.2d 167 (Fla. 1st DCA 1995)(upholding a juvenile's life sentence for a second degree murder conviction); Colon v. Irwin, 732 So.2d 428 (Fla. 5th DCA 1999)(addressing a juvenile's petition for writ of mandamus to release documents who had been sentenced to life for first degree murder); Manuel v. State, 629 So.2d 1052 (Fla. 2nd DCA 1993)(remanding to consider whether *1202 thirteen year old sentenced to life had counsel for prior juvenile convictions included in scoresheet which recommended life sentence for attempted murder and armed robbery). Other states have also explicitly upheld similar sentences. See, e.g., State v. Walker, 252 Kan. 117, 843 P.2d 203 (1992)(life sentence for fourteen year old active participant in two aggravated kidnapings and an aggravated arson); State v. Foley, 456 So.2d 979 (La.1984)(fifteen year old's life sentence without the possibility of parole for aggravated rape proportional); White v. State, 374 So.2d 843 (Miss.1979)(life without possibility of parole for sixteen year old armed robber and kidnaper); People v. Isitt, 55 Cal. App.3d 23, 127 Cal.Rptr. 279 (1976)(seventeen year old sentenced to life without parole for kidnaping and robbery with bodily harm); Rogers v. State, 257 Ark. 144, 515 S.W.2d 79 (1974)(seventeen year old first time offender rapist sentenced to life without possibility of parole); Howard v. State, 319 So.2d 219 (Miss.1975)(sixteen year old's twenty-five year sentence for attempted armed robbery not cruel and unusual); State v. Haley, 87 Ariz. 29, 347 P.2d 692 (1959)(not cruel and inhuman to sentence fifteen year old who committed robbery, aggravated assault, and lewd and lascivious acts to twenty-three to thirty years).
Appellant's sentence was not unconstitutional. Therefore, we affirm both the finding of violation of probation and the sentence imposed upon revocation.
STONE and STEVENSON, JJ., concur.