820 So.2d 1054 (2002)
David OGLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-330.
District Court of Appeal of Florida, Fourth District.
July 10, 2002.
*1055 Carey Haughwout, Public Defender, and Iva K. Oza, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, C.J.
We withdraw our previous opinion and substitute the following in its place to correct a clerical error.
David Ogle timely appeals after a jury convicted him of possession of Alprazolam, the drug commonly known as Xanax. He was sentenced to 24 months in prison. We affirm his conviction.

Facts
Officers discovered the drugs in an open ceramic jar on top of a dresser in Ogle's bedroom. Ogle's photo identification lay next to it. Ogle said the belongings in that bedroom were his. There were other residents in the house with access to Ogle's bedroom. In his motion for judgment of acquittal, Ogle argued this evidence was insufficient to prove he possessed the drugs. The trial court denied his motion.
The owner of the house testified that Ogle moved in because he did not have any money. She testified the pills the police found belonged to the person who previously occupied Ogle's bedroom. During cross, she stated Ogle had just gotten out of jail. The trial court sustained Ogle's objection, instructed the jury to disregard the comment, but denied Ogle's motion for mistrial.
Ogle presented evidence that another resident of the house, Cheryl Allen, was released from a mental hospital and was taking prescription medication, including *1056 Xanax. Although the evidence was in conflict, he argued she would put her pills in different places and leave them everywhere, not necessarily in their bottles. Ogle again moved for a judgment of acquittal, but his motion was denied.

Merits
Since the witnesses failed to testify they saw Ogle in actual possession of the drug, the state had the burden of showing he had constructive possession of it. To prove constructive possession of contraband, the state must show that the defendant had dominion and control over the contraband, knew it was within his presence, and had knowledge of its illicit nature. Brown v. State, 428 So.2d 250, 252 (Fla.1983). If the premises where the contraband is found is in joint possession of the defendant, knowledge of the presence of the contraband and the ability to control same must be established by independent proof. Moffatt v. State, 583 So.2d 779, 781 (Fla. 1st DCA 1991). "Such proof may consist either of evidence of actual knowledge of the contraband's presence or evidence of incriminating statements and circumstances from which the jury might lawfully infer the accused's actual knowledge of the presence of contraband." Id. (citation omitted). Overall,
[I]t is for the court to determine, as a threshold matter, whether the state has been able to produce competent, substantial evidence to contradict the defendant's story. If the state fails in this initial burden, then it is the court's duty to grant a judgment of acquittal to the defendant as to the charged offense....
State v. Law, 559 So.2d 187, 189 (Fla.1989) (citation omitted). "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." Id. at 188.
Under this standard, we hold the trial court did not err in denying Ogle's motion for judgment of acquittal. Some of the evidence the state introduced to show that Ogle had dominion and control over the Xanax, was aware of its presence, and knew of its illicit nature was 1) the fact he occupied the room and 2) his statement that the belongings in the room were his. As to the latter fact, the jury could have put great weight on the fact that the Xanax pills were found in an open ceramic jar, belonging to Ogle, on his dresser, next to which Ogle's photo identification was found. Considering the totality of the record below, and resolving conflicts in the testimony consistent with the jury's verdict, we hold there was sufficient competent, substantial evidence to prove his conscious possession, as distinguished from his mere involuntary or superficial possession, of the drugs.
AFFIRMED.
STEVENSON and TAYLOR, JJ., concur.