832 So.2d 898 (2002)
Thomas GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3271.
District Court of Appeal of Florida, Third District.
December 18, 2002.
*899 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General, and Michael J. Neimand and Mark Rosenblatt, Assistant Attorneys General, for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Defendant appeals from a judgment of conviction and sentence for carrying a concealed firearm. For the reasons that follow, we reverse and remand for entry of a judgment of acquittal.
"Where a defendant is not in actual possession of a firearm, constructive possession must be established." Williams v. State, 724 So.2d 1214, 1215 (Fla. 4th DCA 1998). To establish constructive possession, the State must prove that: (1) defendant knew that the firearm was within his presence; (2) defendant had the ability to maintain control over it; and (3) defendant knew of the illicit nature of the firearm. Id. If the property where the firearm is found is not in defendant's exclusive control, defendant's knowledge of the presence of the firearm must be established by independent proof. Id. See also Smith v. State, 687 So.2d 875 (Fla. 2d DCA 1997).
In this case, defendant was the driver of a truck in which the weapon was found. There were two passengers in the truck with him. The weapon in question was partially concealed in the back of the truck behind the driver's seat between the panel and the rear seat. There was no evidence that defendant had knowledge or dominion and control over the weapon.
REVERSED.