PER CURIAM.
Appellant challenges the trial court’s denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Appellant alleges three grounds for relief, only one of which has merit. Specifically, Appellant claims the portion of his sentence which requires hard labor is illegal. We agree.
Where a defendant commits his crimes after 1970, a hard labor condition constitutes an illegal sentence. Harris v. State, 902 So.2d 292 (Fla. 3d DCA 2005); Burney v. State, 705 So.2d 90 (Fla. 2d DCA 1997). Consequently, Appellant is entitled to have the condition of hard labor stricken from his sentence. Harris, 902 So.2d at 292; Burney, 705 So.2d at 90.
The case is remanded for the trial court to strike the condition of hard labor from Appellant’s sentence. Because this is simply a ministerial act, Appellant’s presence is not required. The trial court’s order is affirmed in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
ALLEN, LEWIS, and HAWKES, JJ., concur.