964 So.2d 793 (2007)
Trace BECKFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3392.
District Court of Appeal of Florida, Fourth District.
September 12, 2007.
*794 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Trace Beckford asserts that the trial court erred in failing to grant his motion for judgment of acquittal because the evidence presented by the state was entirely circumstantial and did not rebut a reasonable hypothesis of innocence. We agree and reverse.
Beckford was charged by information with burglary of an occupied dwelling or structure causing damages in excess of $1,000.00 to a residence located in Plantation, Florida. The residence had an extensive alarm system. Before the homeowner left for vacation he asked his neighbor, Steven Ciccone, to keep an eye on his house. The victim's house was located on a cul-de-sac and the only other house on the cul-de-sac was that of Ciccone.
On the day of the incident in question, Ciccone was watching television in his garage when he heard the security alarm go off at his neighbor's house. This occurred around 1:00 p.m. Upon hearing the alarm, he walked out to his driveway and observed Beckford talking on his cell phone and walking down the driveway. When Ciccone observed Beckford he was at the front of the house, on the left side of the driveway, closest to the garage. There is a walkway that continues as a part of the driveway around the left side of the house to a fence which encloses the entire backyard. When Ciccone observed Beckford, he called out "What the hell are you doing," but Beckford ignored him and just kept walking at a faster pace. Ciccone observed Beckford get into a Chevy pickup *795 and drive away at a fast speed but not in a reckless manner.
Thereafter, Ciccone got into his vehicle and followed Beckford, who at the time was accompanied by a female passenger. Ciccone alerted law enforcement as he was following Beckford and subsequently law enforcement was able to stop Beckford and effect an arrest.
At trial, Ciccone testified that he never saw anyone at the rear of his neighbor's property, and that there were always people who were soliciting and walking around the neighborhood. At the time Ciccone observed Beckford, Beckford did not have any gloves or socks covering his hands and Ciccone never heard any noises at the rear of the neighbor's house before the alarm was activated.
The metal trim or molding around the French doors in the screened patio at the rear of the house was taken off and the bottom of one of the French doors had a chip in the glass. Evidence was presented that the alarm was activated by the glass-break detector on the family room window at the rear of the house. Approximately four to six houses down the street from the cul-de-sac, the police found a pair of kitchen sheers lying on the ground. However, there was no testimony connecting the kitchen shears to Beckford, nor was there any evidence that the kitchen shears made the pry marks on the French doors. The crime scene was dusted for fingerprints but none were found and there were no fingerprints on the kitchen shears.
"In reviewing a motion for a judgment of acquittal, a de novo standard of review applies." Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
The evidence introduced by the state was entirely circumstantial and
[i]t is well established that when the state relies on circumstantial evidence, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged. It is not sufficient that the facts create a strong probability of, and be consistent with, guilt. They must also eliminate all reasonable hypotheses of innocence. Evidence that a suspect is present at the scene of a crime and flees after it has been committed is insufficient to exclude a reasonable hypothesis of innocence.
Owen v. State, 432 So.2d 579, 581 (Fla. 2d DCA 1983) (citations omitted).
In Owen, the victim of a sexual assault was unable to identify her assailant. She was able to escape and after she went to the home of a neighbor, the neighbor's son and his friend went to her house. As they approached they saw a male run from the side of the garage. They chased him down the street, and observed him get into a car and lock the doors. They banged on the windows, but the suspect drove off.
The two men were able to give the police a detailed description of the suspect and his car, and after the suspect was arrested, they identified him from the photographs and in a line-up. He was convicted of burglary and sexual battery based on their testimony as to identification. In holding that the trial court erred in failing to grant Owen's motion for judgment of acquittal, the court stated:
No one saw the defendant enter the victim's home, remain in the house, or leave the house. The state did not offer any evidence of fingerprints, palmprints, or footprints in or about the house. The evidence did establish that he [Owen] was in the yard, but no one offered *796 testimony to indicate any more than that he was a prowler.
Id. at 581.
In the instant case, the circumstantial evidence presented by the state is clearly insufficient to prove that Beckford had committed a burglary or attempted to commit a burglary. There was no physical evidence connecting Beckford to the burglary. There were no fingerprints found at the crime scene or on the kitchen shears. There was no eyewitness who could place Beckford in the backyard at the time the alarm was activated or observe him trying to break into the house. When Ciccone saw Beckford walking down the driveway, he was talking on his cell phone and was not wearing gloves or socks to cover his hands. Ciccone acknowledged that there were always people walking around the neighborhood and soliciting. There were no burglary tools or tools of any kind found on Beckford's person or in the car when he was stopped. The circumstantial evidence presented by the state was not inconsistent with the reasonable hypothesis that Beckford was merely soliciting and finding nobody home, proceeded to walk down the driveway. We therefore reverse and remand with directions that Beckford's conviction be vacated.
Reversed and Remanded with Directions.
KLEIN and TAYLOR, JJ., concur.