PER CURIAM.
Michael T. Deering appeals from the summary denial of his rule 3.800(a)[1] motion to correct an illegal sentence. Deer-ing was convicted in 1977 of robbery with a firearm and sentenced to imprisonment “at hard labor” for the term of his natural life. The trial court properly denied Deering’s claim that his life sentence was illegal because it was an indefinite sentence, Alvarez v. State, 358 So.2d 10 (Fla.1978), or because it constituted cruel and unusual punishment. See, e.g., Blackshear v. State, 771 So.2d 1199 (Fla. 4th DCA 2000). However, the trial court improperly denied Deering’s claim that the statutes in effect at the time of his sentencing did not authorize the imposition of a sentence “at hard labor.” See Harris v. State, 902 So.2d 292 (Fla. 3d DCA 2005); Zygadlo v. State, 676 So.2d 1015 (Fla. 5th DCA 1996). Therefore, we reverse the trial court’s order as to this point and remand with directions that the court strike the “hard labor” condition in Deering’s sentence. In all other respects, the trial court’s order is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SAWAYA, PLEUS, and LAWSON, JJ., concur.

. Fla. R.Crim. P. 3.800(a).