MAY, J.
 

 The defendant appeals his convictions and sentences for assault on a law enforcement officer, possession of ammunition by a convicted felon, possession of cannabis, and use or possession of drug paraphernalia. He first argues the trial court erred in denying his motion for judgment of acquittal as it related to the possession of ammunition by a convicted felon. We agree and reverse the conviction and sentence on that count only. We affirm the convictions and sentences on the remaining counts.
 

 Law enforcement received information that the defendant was selling crack cocaine and set up a controlled buy. On the day of the transaction, the police observed the defendant leaving his driveway with his girlfriend in his girlfriend’s car. A trash pull from the defendant’s residence revealed marijuana, which law enforcement used to establish probable cause for a search warrant.
 

 When the officers executed the search warrant, they knocked and entered the residence. In one unoccupied room, they found a video game on pause. As they opened the door to the garage, a dog attempted to charge into the home. One of the detectives went outside and found that the garage door had been opened and saw the defendant walking out of the garage. At that point, the dog attacked the detective giving rise to the assault charge.
 

 Another detective detained the defendant, and read him the search warrant and
 
 Miranda
 
 warnings. As the officers began to conduct the search, the defendant told them they were not going to find anything other than a small amount of marijuana belonging to him.
 

 Testimony revealed that several officers searched the house, while a single detective remained in the dining room and documented the items found: ammunition, a digital scale, less than twenty grams of cannabis, and some cigarette rolling papers.
 

 The detective who actually found the ammunition did not testify and no one was able to testify where the ammunition had been found. One of the detectives explained that there may have been officers that approached from the back of the house to insure that no one left through the back door.
 

 A firearms examiner from the crime lab testified that there were three different types of ammunition inside the box. Over defense objection, the examiner was allowed to testify concerning the types of ammunition, the typical use of each bullet
 
 *1148
 
 design, and that all the rounds could be fired from the same firearm.
 

 The defendant moved for a judgment of acquittal on the possession of ammunition count, arguing that the State had failed to prove an essential element of the crime: knowledge of the ammunition. The defendant argued that there had been no proof of where the ammunition had been found or if it had even been found in the house. While pictures had been taken of the items seized, the ammunition was not in the photos.
 

 The State responded that the defendant’s admission concerning the cannabis established that he had knowledge of the ammunition, which had been found in the same room. However, significantly no one had testified that the ammunition had been found in the same room. The State then offered to postpone the trial so that it could call another officer. The trial judge responded that the search took place in the home and the ammunition had been found there with the defendant being the only occupant. The defendant argued however that the warrant actually indicated that there were two residents of the house. The trial court denied the motion.
 

 In closing, the State argued that the box of mixed ammunition established that someone had been in possession of it because it didn’t come packaged that way. In addition, the defendant’s admission to the cannabis fimther established that the defendant had the care, custody, and control of the ammunition. The State asked the jury to use its common sense in considering whether the defendant’s girlfriend could have been in possession of the ammunition and reminded the jury that there could be joint possession.
 

 The jury failed to reach a verdict on the counts for possession of cocaine and sale or delivery of cocaine, but found the defendant guilty of assault on a law enforcement officer, possession of ammunition, cannabis, and drug paraphernalia. The defendant was later found not guilty of possession and sale of cocaine. The trial court sentenced the defendant to fifteen years for the possession of ammunition count.
 

 On appeal, the defendant argues that the State failed in its burden of proof because no one testified to the location of the ammunition and the house was occupied (although not at the time of the warrant’s execution) by more than one person. The State responds that the defendant’s admission to possession of marijuana within the house and the mixed ammunition in the box was sufficient to prove beyond a reasonable doubt that the defendant possessed the ammunition. We disagree with the State.
 

 We review the trial court’s ruling on the motion for judgment of acquittal
 
 de novo. Beckford v. State,
 
 964 So.2d 793, 795 (Fla. 4th DCA 2007). In moving for a judgment of acquittal, the defendant “admits the facts adduced in evidence and every conclusion favorable to the state which is fairly and reasonably inferable therefrom.”
 
 Maglio v. State,
 
 918 So.2d 369, 374 (Fla. 4th DCA 2005). A motion for judgment of acquittal should not be granted “unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.”
 
 Darling v. State,
 
 808 So.2d 145, 155 (Fla.2002) (quoting
 
 Lynch v. State,
 
 293 So.2d 44, 45 (Fla.1974)).
 

 The State charged the defendant with possession of ammunition by a convicted felon, pursuant to section 790.23(1), Florida Statutes (2007). The State advanced the theory of constructive, and not actual, possession. This required the State to prove the defendant: (1) knew the contraband was in his presence; (2) had
 
 *1149
 
 the ability to maintain control over it; and (3) knew of the illicit nature of the contraband.
 
 Williams v. State,
 
 724 So.2d 1214, 1215 (Fla. 4th DCA 1998).
 

 When “the area in which the contraband is found is within the defendant’s
 
 exclusive
 
 possession, his guilty knowledge of the presence of the contraband and his ability to maintain control over it may be inferred.”
 
 Id.
 
 (emphasis in original). However, if the property where the contraband “is found is in
 
 joint
 
 rather than exclusive possession of the accused, then knowledge of the contraband’s presence and the ability to control it will not be inferred from the accused’s presence but must be established by independent proof.”
 
 Id.
 
 (emphasis in original).
 

 Here, there was NO direct testimony that the ammunition was even found in the house. Without this testimony, the State could not meet its burden of establishing beyond a reasonable doubt that the defendant knew the ammunition was in his presence or that he had the ability to maintain control over it.
 
 Id.
 
 We therefore reverse the defendant’s conviction on the count alone and remand the case to the trial court to vacate the judgment and sentence on that count.
 

 Reversed, and Remanded,.
 

 TAYLOR, J„ and SHAHOOD, GEORGE A., Senior Judge, concur.