# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1427
Lower Tribunal No. 76-7979
_____


**Robert L. Edgecomb,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Habeas Corpus.

Robert L. Edgecomb, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for respondent.


Before LOGUE, LINDSEY, and MILLER, JJ.

MILLER, J.

By petition for writ of habeas corpus, petitioner, Robert L. Edgecomb, challenges the validity of his sentence of life imprisonment imposed upon him for the offense of armed robbery, in violation of section 812.13, Florida Statutes.[1] Although we deny relief, as Edgecomb is prohibited from filing any pro se pleadings in the lower tribunal, we strike the unauthorized surplusage that petitioner be confined "at hard labor." See Sheppard v. State, 45 So. 3d 816, 817 (Fla. 3d DCA 2010) ("[W]e reverse the 'hard labor' condition of the defendant's life sentence for second degree murder and remand with instructions that the lower court strike this condition."); Shade v. State, 925 So. 2d 453, 453 (Fla. 1st DCA 2006) ("Where a defendant commits his crimes after 1970, a hard labor condition constitutes an illegal sentence.  Consequently, Appellant is entitled to have the condition of hard labor stricken from his sentence.") (citations omitted); Manning v. State, 365 So. 2d 224, 224 (Fla. 1st DCA 1978) ("[T]he provision in [the] sentence that [the defendant] be imprisoned 'at hard labor' is not authorized by law, and being merely surplusage, this provision is hereby stricken.") (citation omitted); see also Deering v. State, 988 So. 2d 1237, 1238 (Fla. 5th DCA 2008) ("[T]he trial court improperly denied [the defendant's] claim that the statutes in effect at the time of his sentencing did not authorize the imposition of a sentence 'at hard labor.'") (citations omitted); Corsey

---

[1] Edgecomb has already completed his concurrent sentences on three counts of aggravated assault, in violation of section 784.021, Florida Statutes.

2

v. State, 349 So. 2d 738, 738 (Fla. 2d DCA 1977) ("To be imprisoned 'at hard labor' is improper because no existing Florida statute provides for imprisonment at hard labor as a sentence for any crime.") (citation omitted); McDonald v. State, 321 So. 2d 453, 458 (Fla. 4th DCA 1975) ("The inclusion of the provision in the judgment and sentence under review th[a]t appellant 'be imprisoned at Hard Labor' is improper because no existing Florida statute provides for imprisonment at hard labor as a sentence for any offense."); Speller v. State, 305 So. 2d 231, 232 (Fla. 2d DCA 1974) ("[S]ince the repeal of s[ection] 922.05(2), F[lorida] S[tatutes,] there is no authority for imposing a sentence 'at hard labor.'").

Petition denied.