612 So.2d 692 (1993)
Lewis C. PATERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-4140.
District Court of Appeal of Florida, First District.
January 26, 1993.
*693 Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Lewis C. Paterson appeals an order revoking his probation and imposing an increased amount of restitution to the victim. We affirm in part, reverse in part, and remand for further proceedings.
Appellant was charged with aggravated battery after intentionally driving his vehicle into the victim, who was standing on the sidewalk. Appellant entered a plea of nolo contendere, with a negotiated sentence of two years' probation. A special condition of the plea was that appellant would pay $2,222.50 in restitution to the victim.
The state filed an affidavit of violation of probation, asserting appellant was $160 in arrears with regard to the costs of his supervision, in violation of condition (2) of the probation order which required appellant to pay $40 per month towards the cost of his supervision. The state also asserted that appellant violated condition (8) because he failed to produce a urine specimen for urinalysis upon request of the probation officer. Condition (8) of the probation order required appellant to promptly and truthfully answer all inquiries directed to him by the court or the probation officer and to comply with all instructions the probation officer may give him.
After a revocation hearing, the trial judge found appellant to be in willful violation of probation based on failure to pay the costs of supervision and failure to obey the instructions of the probation officer. After a sentencing hearing, at which the victim testified regarding expenses incurred as a result of his injuries, the trial judge revoked appellant's probation and sentenced him to 15 months' imprisonment followed by 5 years' probation. The trial judge also ordered the appellant to pay $22,600 in restitution to the victim.
*694 The trial judge improperly found appellant to be in violation of probation for failure to submit to urinalysis. The state's argument that the probation officer could order appellant to submit to urinalysis based on condition (6) of the probation order, which required appellant not to use intoxicants to excess, is meritless. Such a condition does not give the probation officer the discretion to impose testing requirements. The condition that appellant comply with all instructions the probation officer may give him is also insufficient to support a violation of probation for failure to follow an instruction by the probation officer to submit to urinalysis when such testing was not ordered by the trial judge. See, e.g., Morales v. State, 518 So.2d 964 (Fla. 3d DCA 1988) (A direction by the probation officer to set up an appointment for alcohol and drug counseling cannot be considered a condition imposed by the court by virtue of the court's general admonition that probationer comply with all instructions of the probation officer. The condition being imposed by the probation officer, the violation of it cannot serve as a basis for the revocation of probation.).
We also reject the state's argument that appellant may be found to be in violation of probation for failure to submit to urinalysis because such testing accords with section 948.03(1)(j), Florida Statutes (Supp. 1990). Section 948.03(1)(j) provides that the court may include, as a condition of probation, the requirement that the probationer "[s]ubmit to random testing as directed by the correctional probation officer ... to determine the presence or use of alcohol or controlled substances." The state correctly contends that this is a standard condition of probation which does not need to be orally pronounced and which may be imposed regardless of whether it is directly related to the circumstances of the probationer's offense. Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), review denied, 593 So.2d 1052 (Fla. 1991). The requirement that appellant submit to random testing, however, was neither orally pronounced nor set forth in the written probation order.
We reject appellant's argument that the trial judge erred in finding that appellant willfully failed to pay the costs of supervision. During the hearing at which appellant entered into the negotiated sentence, the trial judge stated that he would not waive the cost of supervision as long as appellant was employed. At the revocation hearing, the probation officer testified that he informed the appellant on more than one occasion that he had to pay the costs of supervision. Appellant did not prove by clear and convincing evidence that he did not have the present resources available to pay the cost of supervision.
Because the trial court erred in basing revocation of probation on appellant's failure to submit to urinalysis at the probation officer's direction in this case, we remand to the trial court for reconsideration of whether to revoke, modify, or continue probation based on willful failure to pay the costs of supervision.
Upon remand, the trial judge may not increase the amount of restitution from the amount imposed when appellant entered his plea. The record reflects that the amount of restitution was set in the plea agreement. Nothing in the record indicates that the agreed sum at the time of the stipulation was less than full restitution or, if less, that the circumstances of the defendant changed from the time of the stipulation to warrant his paying more restitution. The provisions of sections 775.089(1)(b), Florida Statutes (1989), and 948.03(e), Florida Statutes (Supp. 1990), require detailed explanation on the record by the trial judge for ordering less than full restitution. Absent such an explanation it is presumed that the stipulation accommodated the statutory mandate. Any further entitlement to recovery by the victim is contemplated by section 775.089(8), Florida Statutes (1989).
Accordingly, we reverse that portion of the order finding appellant in violation of probation for failure to submit to urinalysis and that portion of the order increasing the amount of restitution. We remand to the *695 trial court for further proceedings consistent with this opinion.
ERVIN, ZEHMER and BARFIELD, JJ., concur.