PER CURIAM.
 

 Ronald Guy Bishop, Appellant, appeals the revocation of his probation. Some, but not all, of the trial court’s findings supporting the revocation were improper. The trial court reversibly erred in finding that Appellant violated his probation by possessing a folding knife that was deemed a common pocketknife and a butcher knife that was not mentioned in the charging document. We affirm the remaining findings without discussion. We cannot discern from the record before us whether the trial court would have revoked Appellant’s probation in the absence of the improper findings. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 
 See Whidden v. State,
 
 701 So.2d 1224, 1225 (Fla. 1st DCA 1997).
 

 Appellant was sentenced to probation after pleading nolo contendere to aggra
 
 *831
 
 vated assault with a deadly weapon. Under the conditions of probation, Appellant was prohibited from carrying a weapon and required to follow any instructions given by his probation officer. Appellant’s probation officer filed an affidavit of violation of probation (“VOP affidavit”), alleging, among other things, that Appellant violated his probation by possessing a “Buck Hunting Knife Model 110 T.” Under the probation officer’s view, this knife constituted a weapon. There is no mention of a butcher knife in the VOP affidavit.
 

 At the VOP hearing, the State produced evidence that Appellant was in possession of two different knives. One knife, the “Buck hunting knife,” was a folding knife with a three and one-half inch blade. The other knife was a butcher knife. One of Appellant’s neighbors testified that Appellant had pulled the butcher knife out of his car, shown it to her, and made threatening statements regarding what he intended to do to his probation officer with it. Appellant’s probation officer testified that he had instructed Appellant not to carry a pocketknife, as it would be considered a weapon.
 

 At the end of the VOP hearing, defense counsel argued that the folding knife could not be considered a weapon because it was a common pocketknife. The trial court made the following pronouncement:
 

 I’m finding that [Appellant] is in violation of his probation in multiple ways.
 

 One, there is no way around the [butcher] knife. If it had been in the kitchen, that would have been different. Carrying it in your car ... turns it into a weapon. The folding knife — ... I agree with [defense counsel] under the law — would not be a weapon but for the specific instruction of his probation officer that you cannot carry that. Once he’s on probation and given a lawful instruction and he violates it, that puts him in violation of his probation.
 

 The written Order of Revocation of Probation does not specify the terms and conditions that Appellant violated.
 
 [1]
 
 It merely provides that Appellant violated his probation. However, the parties’ arguments assume that the trial court found that the State proved each of the violations alleged in the VOP affidavit. We agree with the parties’ interpretation of the trial court’s oral findings. Based on these findings, the court re-sentenced Appellant to two years in prison with credit for time served, followed by two years of community control and then one year of probation. This appeal followed.
 

 Appellant argues that, by finding him in violation for carrying a common pocketknife, the trial court erroneously allowed his probation officer to add a condition to his probation. The State concedes error on this point, and we agree. The term “weapon” is not defined in Appellant’s conditions of probation. Therefore, the trial court properly looked to Chapter 790, Florida Statutes, and the relevant case law to determine whether the folding knife at issue in this case was a weapon. Under section 790.001(13), Florida Statutes (2007), a “common pocketknife” is not a weapon. In
 
 L.B. v. State,
 
 700 So.2d 370, 373 (Fla.1997), the Florida Supreme Court held that a knife with a three and three-quarter inch blade was a common pocketknife and, thus, not a weapon under the statutory definition.
 
 [2]
 
 With this standard
 
 *832
 
 in mind, the trial court found that Appellant’s folding knife was not a weapon under the legal definition. This finding is not disputed on appeal. However, the trial court went a step further and declared that the folding knife became a weapon when Appellant’s probation officer instructed him not to carry a pocketknife.
 

 A probation officer has no authority to impose additional conditions of probation, even if the court has ordered the probationer to follow all instructions the officer may give.
 
 Paterson v. State,
 
 612 So.2d 692, 694 (Fla. 1st DCA 1993). Here, the court-ordered probation conditions did not specifically prohibit Appellant from carrying a common pocketknife, which is not ordinarily considered a weapon. Therefore, Appellant’s probation officer exceeded his authority in exacting such a prohibition. Because Appellant was not court-ordered to refrain from carrying a common pocketknife, the trial court erred in finding him in violation of such a condition.
 
 See Narvaez v. State,
 
 674 So.2d 868, 869 (Fla. 2d DCA 1996).
 

 Next, Appellant argues that there was a lack of competent, substantial evidence to support the finding that the butcher knife was a weapon. This argument is without merit.
 
 See State v. Walthour,
 
 876 So.2d 594, 597 (Fla. 5th DCA 2004) (noting that “an innocent household item” can be a weapon depending on the circumstances, including “the manner in which it was carried, how [accessible] it was to the accused, its purpose, or the accused’s motive for carrying it, and its ability to cause harm to another”). However, a fundamental error with regard to the butcher knife is apparent from the record. In
 
 Perkins v. State,
 
 842 So.2d 275, 277 (Fla. 1st DCA 2003), we held that “[a] trial court is not permitted to revoke probation on conduct not charged in the affidavit” and that to do so deprives the probationer of the right to due process of law, which is fundamental error. Although Appellant did not raise this issue as a basis for reversal, we must carry out our “un-renunciable judicial duty” to correct fundamental error and review this issue.
 
 See Bain v. State,
 
 730 So.2d 296, 302 (Fla. 2d DCA 1999) (called into doubt on other grounds in
 
 State v. Jefferson,
 
 758 So.2d 661, 664 (Fla.2000));
 
 see also I.A. v. H.H.,
 
 710 So.2d 162, 165 (Fla. 2d DCA 1998) (noting that it is an appellate court’s “duty to notice and correct ... fundamental errors even when they have not been identified by the parties”). Here, because the VOP affidavit did not mention the butcher knife, the trial court fundamentally erred in finding a violation based on Appellant’s possession of the butcher knife. Therefore, this finding cannot stand.
 

 In summary, we hold that the trial court reversibly erred in finding that Appellant violated his probation by carrying the folding knife and the butcher knife but that it did not reversibly err in the remaining findings. Because the error with regard to the butcher knife concerns a deficiency in the charging document, we note that our reversal on this matter is without prejudice to the State’s right to refile an appropriate affidavit concerning that charge.
 
 See Perkins,
 
 842 So.2d at 276. It is not clear to us that the trial court would have revoked Appellant’s probation if it had not found violations based on the folding knife and the butcher knife. Therefore, we AFFIRM in part, REVERSE in part, and REMAND with instructions to the trial court to reevaluate its decision to revoke
 
 *833
 
 Appellant’s probation, considering only the findings we have affirmed.
 

 WEBSTER, LEWIS, and HAWES, JJ., concur.
 

 [1]
 

 . Although the lack of specific written findings is not an issue in this appeal, we note, as we did in
 
 Perkins v. State,
 
 842 So.2d 275, 277 n. 1 (Fla. 1st DCA 2003), that a trial court must enter a written order specifying the terms and conditions of probation that have been violated.
 
 See also Jones v. State,
 
 638 So.2d 126, 127 (Fla. 1st DCA 1994).
 

 [2]
 

 . The supreme court later clarified that holding, explaining that a pocketknife with a blade
 
 *832
 
 shorter than four inches could be considered a weapon if “other characteristics of the knife, how it is carried, or how it is used establish the weapon-like qualities of the knife.”
 
 Bunkley v. Stale,
 
 882 So.2d 890, 896 (Fla.2004).