PER CURIAM.
Appellant, A.L.J., appeals the trial court’s denial of his motion for judgment of dismissal on the charge of felony criminal mischief or, in the alternative, a reduction in the charge to a first degree misdemeanor due to the state’s failure to prove property damage in excess of $1,000. We affirm the denial of the motion for judgment of dismissal without discussion. We agree that the state failed to prove allowable property damages exceeding $1,000.
Appellant was adjudicated delinquent of felony criminal mischief after witnesses testified that he sprayed a large amount of pepper spray into the drive-thru window of a McDonald’s restaurant. The pepper spray hit two employees and spread into the restaurant’s cooking area. McDonald’s manager testified that due to the necessary closing of the restaurant for three hours, it lost $1200 in sales, $200 in food, $500 for workers’ compensation, and $250 in labor to clean up.
The standard of review for a motion for judgment of dismissal is de novo. J.G. v. State, 915 So.2d 274, 276 (Fla. 4th DCA 2005). A motion for judgment of dismissal tests the legal sufficiency of the state’s evidence. J.P. v. State, 855 So.2d 1262, 1264 (Fla. 4th DCA 2003).
Section 806.13(1), Florida Statutes (2007), provides:
(l)(a) A person commits the offense of criminal mischief if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism.
(b)l. If the damage to such property is $200 or less, it is a misdemeanor of the second degree....
2. If the damage to such property is greater than $200 but less than $1,000, it is a misdemeanor of the first degree....
3. If the damage is $1,000 or greater, or if there is interruption or impairment of business operation or public communication, transportation, supply of water, gas or power, or other public service which costs $1,000 or more in labor and supplies to restore, it is a felony of the third degree....
In the petition for delinquency, appellant was charged with injuring the property of the McDonald’s by “impairing or interrupting said business costing one thousand dollars ($1,000.00) or more, in labor and supplies to restore.” Accordingly, the only costs for damages proven by the state were the $250 for labor costs to clean the restaurant, and the $200 cost to replace the food which was damaged by the pepper spray, totaling $450. The $500 for workers’ compensation was paid for the injuries to the victims, not for property *875 damage. The lost sales or profits of $1200 are not included in the costs to restore the business’s operation.
We, therefore, reverse appellant’s conviction for felony criminal mischief and remand for adjudication of delinquency on criminal mischief, a misdemeanor of the first degree, pursuant to section 806.13(l)(b)2., Florida Statutes (2007).

Reversed and Remanded with Directions.

STEVENSON, HAZOURI and LEVINE, JJ., concur.