31 So.3d 968 (2010)
S.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D09-1837.
District Court of Appeal of Florida, Fourth District.
April 14, 2010.
Rehearing Denied April 30, 2010.
*969 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
S.B., the defendant below, appeals from the trial court's finding of guilt and withholding of adjudication as to one charge of resisting an officer without violence. He argues that the trial court should have granted his motion for judgment of dismissal because the State presented no evidence that he knew of the officers' intent to detain him. We agree and reverse.
In a Petition for Delinquency, the State charged S.B. with resisting an officer without violence. The evidence presented by the State at the hearing on the Petition was that, on the night of the incident, two officers observed two juveniles, one of whom was S.B., walking though a small apartment complex. One of the officers testified that what drew his attention to the juveniles is that they were looking around and appeared to be scanning. At that point, according to that officer, he saw them walk over to a car. The officer further testified that he tried to shut his car door quietly, but apparently the juveniles heard the door close and they looked up and took off running. The second officer testified that when the juveniles saw him and his partner, they "did a one eighty and took flight on foot." The first officer also testified that he followed the juveniles, who did not see him in pursuit. Finally, he explained that he subsequently found the juveniles, who were taken into custody.
After the State rested, S.B. moved for a judgment of dismissal, arguing that the State did not meet its burden to prove the case of resisting an officer without violence. The trial court denied the motion. The defense rested and renewed its motion for judgment of dismissal. Following the hearing, the trial court entered an order finding S.B. guilty. The trial court withheld adjudication and placed S.B. on juvenile probation. This appeal follows.
S.B. argues that the trial court erred in denying his motion for judgment of dismissal because the officers did not issue an order for him to stop and, thus, there was no evidence that he knew of the officers' intent to detain him. We agree.
Because the standard of review that applies to motions for judgment of dismissal in a juvenile case is the same standard that applies to motions for judgment of acquittal in an adult criminal case, the juvenile court's ruling is reviewed de novo. A.L.J. v. State, 12 So.3d 873, 874 (Fla. 4th DCA 2009); J.P. v. State, 855 So.2d 1262, 1264 n. 1 (Fla. 4th DCA 2003). When moving for a judgment of acquittal, a defendant admits both the facts adduced, as well as every conclusion favorable to the State that a finder of fact could fairly and reasonably infer from the evidence. Ackon v. State, 14 So.3d 1146, 1148 (Fla. 4th DCA 2009) (quoting Maglio v. State, 918 So.2d 369, 374 (Fla. 4th DCA 2005)). Evidence *970 is sufficient to sustain a conviction if a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State. Horne v. State, 997 So.2d 1262, 1264 (Fla. 4th DCA 2009).
The applicable statute, section 843.02, Florida Statutes (2008), provides as follows:
Whoever shall resist, obstruct, or oppose any officer . . . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
In order to support a conviction for obstruction without violence, "the State must prove: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant's action, by his words, conduct, or a combination thereof, constituted obstruction or resistance of that lawful duty." C.E.L. v. State, 24 So.3d 1181, 1185-86 (Fla.2009). Flight, standing alone, is not sufficient to form the basis of a charge for resisting without violence and, thus, the act of flight alone is not a criminal offense. Id. at 1186. "To be guilty of unlawfully resisting an officer, an individual who flees must know of the officer's intent to detain him . . . ." Id. (citing H.H. v. State, 775 So.2d 397, 398 (Fla. 4th DCA 2000)) (emphasis added).
Here, like the defendants in Clark v. State, 976 So.2d 1225 (Fla. 4th DCA 2008), and Parker v. State, 18 So.3d 555 (Fla. 1st DCA 2008), although S.B. fled upon seeing the officers, there was no command to stop by the officers at the time S.B. began to flee. Also, one of the officers testified that he did not think that S.B. even knew he was being pursued. Thus, although the evidence may reflect that S.B. was aware that he had caught the officers' attention when he began to flee, it does not prove that he had knowledge that the officers intended to detain him. Accordingly, the State failed to prove every element of the crime, and the trial court should have granted the motion for judgment of dismissal.
Reversed and remanded for entry of judgment of dismissal.
GROSS, C.J., POLEN and STEVENSON, JJ., concur.