WARNER, J.
T.L.T. appeals an order withholding adjudication but ordering probation on two counts of throwing a deadly missile into two different vehicles. We conclude that the evidence was legally insufficient to support one of the charges. Because the trial court treated the two together in determining T.L.T.’s guilt, and in the process clearly made a material factual error, we reverse.
The charges against T.L.T. arose from two separate incidents in which two women reported that their vehicles were struck by some objects thrown from a school bus. In the first incident, Felicia Patterson was in her mother’s vehicle and stopped at a red light next to a school bus on her right. She heard two big sounds, and two hands snatched back through the bus windows. She did not see any faces, nor did she see what was thrown, but the vehicle had a small dent in it which was not there before the incident.
The bus driver herself had observed T.L.T. throw something from the window but did not see what was thrown. She was about to call her dispatch when Ms. Patterson pulled up and stopped the bus. The bus driver then called the police who arrived and tried to determine who had thrown the object. The driver identified T.L.T. and the child sitting with him. Patterson testified that when the officer removed T.L.T. from the bus, T.L.T. and another student cursed at her, with T.L.T. saying that if he went to jail, he would “beat her a — .” The officer testified that T.L.T. was unruly when taken from the bus.
In the second incident, which occurred immediately after the Patterson incident, Rosalind Lindsay was sitting at a red light, going in the opposite direction of the bus. Traffic was slow, and as the bus passed by to her left, a small object hit her window. She looked down to see a Gatorade bottle bouncing on the ground. She did not see the object hit another vehicle. She then made a U-turn to try to catch the bus, which had already stopped.
At trial, another child testified that he had handed T.L.T. a small plastic Gatorade bottle which was empty. He did not see what T.L.T. did with the bottle. In *1102 addition, the state presented a video taken inside the bus during the incident. It showed children quite active on the bus. T.L.T. could be identified in the back, and the court indicated that it observed T.L.T. turning to the bus window twice and laughing, although T.L.T. could not be seen throwing anything out the window.
After the state presented its case, the defense moved for a judgment of dismissal, contending that the state’s evidence did not meet a prima facie case. The trial court denied the motion. The defense did not present any evidence, and the trial court then found that the state had proved its case. In making its findings, the court stated that the Gatorade bottle was full, when in fact the evidence showed that the bottle was empty. From the court’s discussion, it appears that the court concluded that the Gatorade bottle was involved in both incidents. It, however, withheld adjudication and placed T.L.T. on probation. He appeals.
The standard of review of a motion for judgment of dismissal in a juvenile case is the same as that for a judgment of acquittal in a criminal case. See J.P. v. State, 855 So.2d 1262, 1264 n. 1 (Fla. 4th DCA 2003). A motion for judgment of acquittal pertains to the legal sufficiency of the state’s evidence. If the evidence, taken in a light most favorable to the state does not support a conviction, the motion must be granted. If the state establishes the existence of each element of the crime charged, then the motion must be denied. See State v. Rivera, 719 So.2d 335, 337 (Fla. 5th DCA 1998). The appellate court reviews a trial court’s denial of a motion for judgment of acquittal de novo. See Jones v. State, 869 So.2d 1240, 1242 (Fla. 4th DCA 2004).
Where the evidence is circumstantial, a special standard applies. See State v. Law, 559 So.2d 187 (Fla.1989). A conviction cannot be sustained when the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, unless the evidence is inconsistent with any reasonable hypothesis of innocence. Id. at 188. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the trier of fact to determine. In order to survive a motion for judgment of acquittal, the state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but is required only to introduce substantial, competent evidence which is inconsistent with the defendant’s theory of events. Id. at 189. Once that threshold burden is met, it becomes the trier of fact’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence. Id.
The facts of this case show that two separate incidents occurred, even though the state and the trial court seemed to have treated this as one event involving a plastic bottle of Gatorade. Felicia Patterson’s car was struck while she sat at a stoplight next to the bus. Rosalind Lindsay’s car was struck as she passed the bus going in the opposite direction. Given that both vehicles were beside the bus, according to their drivers, when they were hit by the objects, the evidence was legally insufficient to prove that the same object hit both vehicles.
The state’s evidence, taken in the light most favorable to it, shows that another child on the bus handed T.L.T. an empty Gatorade bottle. The bus driver saw T.L.T. throw something out of the window, although the bus video does not show T.L.T. throwing anything. Ms. Lindsay identified the object that hit her vehicle as an empty Gatorade bottle. Therefore, we conclude that there was suf *1103 ficient evidence, both direct and circumstantial, to satisfy the state’s burden as to the Lindsay incident,[1] although the evidence showed that the bottle was empty, not full.
On the other hand, no evidence supports the state’s case that the defendant threw anything out of the window to dent the Patterson vehicle. No one saw anything thrown from the bus other than the empty Gatorade bottle which hit the Lindsay vehicle. No evidence placed anything but the bottle in T.L.T.’s hand. The evidence was legally insufficient to support this charge.
E.J. v. State, 554 So.2d 578 (Fla. 3d DCA 1989), on which T.L.T. relies, supports our conclusion that the state produced sufficient evidence to uphold the charge regarding the Lindsay vehicle but not the charge involving the Patterson vehicle. In E.J., E.J. verbally threatened the occupants of a car and when they began to drive away an object was thrown from the area where E.J. and seven other boys were gathered, denting the vehicle. The occupants of the vehicle did not see a rock in E.J.’s hand but did see him making a throwing motion. The appellate court explained that because no one saw the object thrown, it could not uphold the adjudication of E.J. for throwing a deadly missile. Similarly, in this case no one saw the object thrown which caused the dent in the Patterson vehicle. In contrast, as to the Lindsay vehicle, the state’s case showed that T.L.T. had possession of an empty Gatorade bottle, made a throwing motion outside of the bus, and an empty Gatorade bottle hit the Lindsay vehicle.
We thus reverse and remand to the trial court to vacate the sentence on the count of throwing a deadly missile into the Patterson vehicle, as the court had already withheld adjudication. As to the Lindsay vehicle charge, we affirm as sufficient evidence supports the adjudication. On remand, the court should reconsider the sentence on the remaining charge, as the elimination of the Patterson charge may affect the court’s judgment as to the propriety of the sentence, particularly because the trial court erroneously concluded that the evidence showed that T.L.T. had thrown a full bottle out of the bus window.

Reversed and remanded for further proceedings in accordance with this opinion.

POLEN and LEVINE, JJ., concur.

. T.L.T. does not raise, as an issue on appeal, the question of whether an empty Gatorade bottle could constitute a deadly missile. We therefore do not address that issue.