LEVINE, J.
The issue presented is whether the appellant violated section 790.115(2), Florida Statutes (2009), by possessing a common pocketknife on school property. We find that the appellant cannot be adjudicated of this crime since the statute exempts pos *157 session of a “common pocketknife” from the definition of a weapon that may not be possessed on school property.
After an incident at school, R.H. was brought to the assistant principal’s office, where a search revealed a knife hidden in R.H.’s boxer shorts. The school resource officer described the knife as “a folding pocketknife with a wooden handle and blade with the tip broken off, and the blade from [his] measurement was three and a quarter inches.” The assistant principal at trial estimated the folding pocketknife as being roughly four inches long. The school resource officer measured the pocketknife in the courtroom and confirmed its size as being three-and-a-quarter inches in length.
At the end of trial, R.H. moved for judgment of dismissal under Rule 8.110(k), on the basis that possession of a pocketknife, as defined under section 790.001(13), is not a violation of section 790.115(2). The trial court denied the motion, and this appeal ensues.
The standard of review of a motion for judgment of dismissal is the same standard we apply to review a judgment of acquittal. J.P. v. State, 855 So.2d 1262, 1264 n. 1 (Fla. 4th DCA 2003). The denial of a motion for judgment of acquittal is reviewed de novo. Jones v. State, 869 So.2d 1240, 1242 (Fla. 4th DCA 2004). “If the evidence, taken in a light most favorable to the state does not support a conviction, the motion must be granted. If the state establishes the existence of each element of the crime charged, then the motion must be denied.” T.L.T. v. State, 53 So.3d 1100, (Fla. 4th DCA 2011).
R.H. was charged with violating section 790.115(2), which reads, in pertinent part, as follows:
A person shall not possess any firearm, electric weapon or device, destructive device, or other weapon as defined in s. 790.001(13), including a razor blade or box cutter, except as authorized in support of school-sanctioned activities, at a school-sponsored event or on the property of any school, school bus, or school bus stop....
§ 790.115(2)(a), Fla. Stat. In other words, section 790.115(2) specifically prohibits the possession of a weapon as defined by section 790.001(13) on school premises. A weapon is defined by section 790.001(13), as being “any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife.”[1]
In this case, R.H.’s adjudication is based solely on the possession of a common pocketknife on school grounds. In L.B. v. State, 700 So.2d 370, 372 (Fla.1997), the Florida Supreme Court, quoting Webster’s Third New International Dictionary, defined a common pocketknife as “[a] type of knife occurring frequently in the community which has a blade that folds into the handle and that can be carried in one’s pocket.” Further, it found that a knife that had a “3 3/4-inch blade” fell within the range of a common pocketknife. Id. at 373. The trial court, in the present case, correctly found the knife with a three-and-a-quarter inch blade was a “common pocketknife.”
The key definitional provision of section 790.001(13), referenced in section 790.115(2), exempts a common pocketknife *158 from the ambit of the statute for which R.H. was adjudged to have violated. We are therefore compelled to reverse R.H.’s adjudication by the plain language of the statutes. If the legislature wanted to prohibit the possession of a common pocketknife on school premises, the legislature could and would have included the “common pocketknife” in the list of prohibited weapons found in section 790.115(2). Further, the legislature could have removed the defining reference to section 790.001(13) in section 790.115(2) and included a special definition of “weapon” for that section. Instead, the legislature relied on a definition of “weapon” explicitly excluding the device R.H. possessed on school grounds.
As the state concedes, A.B. v. State, 757 So.2d 1241 (Fla. 4th DGA 2000), is inapplicable as it was based on an earlier version of the statute which outlawed the possession on school grounds of any “firearm, electric weapon or device, destructive device, or other weapon, including a razor blade, box cutter, or knife, except as authorized in support of school-sanctioned activities, at a school-sponsored event or on the property of any school, school bus, or school bus stop.” Id. at 1241 — 42. The key difference in A.B. is that nowhere in the statute at that time was there any reference to section 790.001(13) and that section’s definition of a weapon to not include a common pocketknife.
In summary, we find that R.H. did not violate the statute in question, and as such we reverse the adjudication in this case and remand for entry of a judgment of dismissal.

Reversed and remanded.

MAY and DAMOORGIAN, JJ., concur.

. Section 775.021(1), Florida Statutes, codifying the rule of lenity, states that ‘‘[t]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.”