DAMOORGIAN, J.
Appellant, T.S.W., timely appeals the order finding him guilty, but withholding adjudication of delinquency for carrying a concealed weapon in violation of section 790.001, Florida Statutes (2009). The issue before us is whether the trial court erred in denying Appellant’s Motion for Judgment of Dismissal after concluding that the knife appellant carried was not a common pocketknife. We reverse and hold that the trial court erred because the evidence presented by the State established that the characteristics of the knife at issue were those of a common pocketknife and not a weapon as defined by section 790.001(13).[1]
The only evidence relied upon by the State to establish that the knife was a weapon and not a common pocketknife was the testimony of the arresting officer and two photographs of the knife. The officer testified that the blade of the knife was approximately three and a quarter inches *1022 and folded into the handle. When fully opened the knife measured almost eight inches long. The cutting edge of the blade consisted of a combination of a smooth and serrated portion. The first inch and a half was smooth with the next inch having a serrated edge. When folded the knife handle was slightly curved with a camouflage pattern on each side of the handle. The handle had grooves to allow the user to hold the knife securely, which could prevent a hand from slipping when cutting a fishing line or skinning a deer.
At the end of the State’s case, Appellant moved for a judgment of dismissal, and renewed its motion after the defense rested on the grounds that the evidence established that the knife found on Appellant was a common poeketknife, which is exempt from the definition of a weapon under section 790.001(13). The State responded that the knife was a combat-style knife and not a common poeketknife. The court denied the motion, concluding that the knife was not a common poeketknife.
The standard of review for a motion for judgment of dismissal in juvenile cases is the same de novo standard we apply to review a judgment of acquittal in an adult criminal case. R.H. v. State, 56 So.3d 156,157 (Fla. 4th DCA 2011); A.L.J. v. State, 12 So.3d 873, 874 (Fla. 4th DCA 2009).
Our supreme court has defined a common poeketknife as “ ‘[a] type of knife occurring frequently in the community which has a blade that folds into the handle and that can be carried in one’s pocket.’” L.B. v. State, 700 So.2d 370, 372 (Fla.1997). In addressing the knife at issue there, the court looked to the Florida Attorney General’s opinion which opined “that a poeketknife with a blade of four inches in length or less was a ‘common poeketknife.’ ” Id. at 373. Although the supreme court was clear that it did not intend to establish a bright line test for whether a particular knife is a common poeketknife, at a minimum, it held that a knife that folds into its handle, with a blade four inches in length or less, that can be carried in one’s pocket is presumed to be a common poeketknife. Id. at 373 n. 4.
The State argues that the grooves on the handle along with the partially serrated blade are weapon-like characteristics, which take the knife out of the exception of the definition of a weapon. In support of its argument, the State relies upon the Third District’s opinion in J.D.L.R. v. State, 701 So.2d 626 (Fla. 3d DCA 1997). In J.D.L.R., the trial court described the knife as a “folding knife with a pointed 3 1/2 inch blade, notched combat-style grip and large metal hilt guard (to prevent the user’s fingers from sliding onto the blade).” Id. at 627 (emphasis added). The Third District affirmed the trial court’s ruling, holding that the knife in question had weapon-like characteristics, and, therefore, did not fall within the common poeketknife exception to the definition of a weapon. Id.
Here, the knife at issue has the characteristics of a common poeketknife and has no weapon-like characteristics such as a hilt guard, notched combat-style grip, double-edged blade, or switchblade; furthermore, it was not carried in an open and locked position. See J.R.P. v. State, 979 So.2d 1178, 1179 (Fla. 3d DCA 2008) (citing Porter v. State, 798 So.2d 855, 856 (Fla. 5th DCA 2001)); J.D.L.R. v. State, 701 So.2d at 627; see also K.H. v. State, 29 So.3d 426, 428 (Fla. 5th DCA 2010). Accordingly, the trial court erred in denying the motion for judgment of dismissal.

Reversed.

CIKLIN and LEVINE, JJ„ concur.

. Section 790.001(13), Florida Statutes, (2009), defines a weapon as: "any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife.”