71 So.3d 249 (2011)
A.H., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D10-4193.
District Court of Appeal of Florida, Fourth District.
October 12, 2011.
Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
GERBER, J.
The appellant appeals the trial court's denial of his motion for judgment of dismissal *250 on the charge of possession of a weapon at a school bus stop. The appellant argues there was insufficient evidence to prove that the unloaded BB gun seen on his person was a "weapon" under Florida law. We agree with the appellant and reverse.
The state charged the appellant under section 790.115(2)(a), Florida Statutes (2010), which provides that "[a] person shall not possess any firearm, electric weapon or device, destructive device, or other weapon as defined in s. 790.001(13)... on the property of any ... school bus stop ...." (emphasis added). Section 790.001(13), Florida Statutes (2010), defines a "weapon" as "any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife." (emphasis added). "A `deadly weapon' has generally been defined to be one likely to produce death or great bodily injury." Dale v. State, 703 So.2d 1045, 1047 (Fla.1997) (citation omitted).
Thus, whether or not the unloaded BB gun seen on the appellant's person was to be classed as "deadly" was a factual question to be resolved by the trial court. See id. ("Whether or not the weapon involved is to be classed as `deadly' is a factual question to be resolved by [the trier of fact]."). On that issue, the trial court announced its factual findings and legal conclusions at two points. In denying the appellant's motion for judgment of dismissal at the close of all evidence, the trial court stated:
[W]hile there was no testimony that ... the BB gun itself[ ] was operable, there was testimony [from an investigating officer] that the [BB gun] could be used in a fashion such as a blunt object, orI don't want to say as commonly could be used but in a pistol-whipping situation. The Court has felt the weight of the [BB gun] literally. It does have substantial weight to it.
The Court believes that at this time, a cross-section of the community could differ as to whether it could cause serious bodily harm or not.
In finding the appellant guilty, the trial court stated:
[H]aving had the opportunity to handle the actual; well, I'll call it a weapon, it does have weight, it does have a handle. And in our society there's a term commonly used as being "pistol whipped." So I[am] comfortable in the end concluding that beyond a reasonable doubt the BB pistol was indeed a weapon. It could be used in a blunt fashion, consistent with ... being pistol whipped. And if somebody pistol whipped with that item ... it would cause serious injury or ultimately death if used in such a fashion.
This appeal followed. Our review is de novo. See T.L.T. v. State, 53 So.3d 1100, 1102 (Fla. 4th DCA 2011) (the standard of review of a trial court's denial of a motion for judgment of dismissal in a juvenile case is de novo).
We conclude that the evidence, taken in the light most favorable to the state, does not support a conviction. See id. ("If the evidence, taken in a light most favorable to the state does not support a conviction, the motion [for judgment of dismissal] must be granted."). This case is virtually identical to our recent holding in K.C. v. State, 49 So.3d 841 (Fla. 4th DCA 2010):
While [the defendant's] BB gun was introduced into evidence, there was no evidence that it was loaded and no testimony describing the BB gun's operation or the nature and character of injuries it was capable of inflicting. The judge made a comment at the hearing concerning *251 the BB gun's considerable weight and observed that it might be used to pistol-whip someone. An object can qualify as a deadly weapon based upon the manner in which it is used during a crime. Thus, when used as a bludgeon, a BB gun may qualify as a "deadly weapon." See Mitchell v. State, 698 So.2d 555 (Fla. 2d DCA) (holding BB gun used as a bludgeon that creates a gash on victim's head could be found to be a deadly weapon so as to support aggravated battery conviction), approved, 703 So.2d 1062 (Fla.1997). Here, the BB gun was found in the defendant's book bag and there was no evidence that the defendant used, or threatened to use, the BB gun as a bludgeon. We thus reverse the adjudication of delinquency.
Id. at 843 (other internal citations omitted). Here, the BB gun was seen on the appellant's person and there was no evidence that the appellant used, or threatened to use, the BB gun "in a blunt fashion, consistent with ... being pistol whipped." We thus conclude that the trial court should have granted the motion for judgment of dismissal on the charge of possession of a weapon at a school bus stop. We remand for the trial court to dismiss that charge.
Reversed and remanded.
WARNER and DAMOORGIAN, JJ., concur.