PER CURIAM.
C.R. appeals a juvenile disposition order finding him guilty of possession of a weapon on school property. We conclude that the court erred in its determination that the knife is not a “common pocketknife,” which is an exception to the statutory definition of “weapon.” We reverse.
On April 29, 2009, C.R. brought a knife to his middle school and gave it to another student, asking her to hold it for him because he thought he would get caught. C.R. indicated that he brought the knife to school and intended to use it for protection against a bully. An investigation resulted in C.R. being charged by petition for juvenile delinquency with possession of a weapon on school property, in violation of section 790.115(2), Florida Statutes (2008), which states, in pertinent part:
[a] person shall not possess any firearm, electric weapon or device, destructive device, or other weapon as defined in s. 790.001(13), including a razor blade or box cutter, except as authorized in support of school-sanctioned activities, at a school-sponsored event or on the property of any school, school bus, or school bus stop....
§ 790.115(2)(a), Fla. Stat. (2008). A “weapon” is defined under section 790.001(13), Florida Statutes (2008), as being “any dirk, knife, metallic knuckles, slingshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon *827 except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife.” (emphasis added).
On appeal, C.R. argues that it was error for the trial court to deny the motion for judgment of dismissal. C.R. asserts that the knife was a common pocketknife and not a weapon, because the knife was a folding knife with a blade that was less than four inches in length.
In juvenile proceedings, a motion for judgment of dismissal is akin to a motion for judgment of acquittal, as the motion tests the legal sufficiency of the State’s evidence. W.W. v. State, 993 So.2d 1182, 1184 (Fla. 4th DCA 2008). Accordingly, an appellate court reviews the denial of a motion for a judgment of dismissal de novo. R.E. v. State, 13 So.3d 97, 98 (Fla. 4th DCA 2009). “If the evidence, taken in a light most favorable to the State does not support a conviction, the motion must be granted.” T.L.T. v. State, 53 So.3d 1100, 1102 (Fla. 4th DCA 2011).
In L.B. v. State, 700 So.2d 370, 372 (Fla.1997), the Florida Supreme Court defined a “common pocketknife” as “[a] type of knife occurring frequently in the community which has a blade that folds into the handle and that can be carried in one’s pocket.” The Court looked to a 1951 Florida Attorney General’s opinion, which concluded that a pocketknife with a blade of four inches or less in length was a “common pocketknife.” Id. at 373 (citing Op. Att’y Gen. Fla. 051-358 (1951)). In a footnote, the Court declined to state that four inches was a bright-line cutoff for determining whether a particular knife is a “common pocketknife.” Id. at 373 n. 4.
Since L.B., some courts have found that knives with distinctive weapon-like characteristics do not fall within the common pocketknife exception, even though the blades at issue were less than four inches. See J.D.L.R. v. State, 701 So.2d 626, 627 (Fla. 3d DCA 1997) (distinguishing a knife with a pointed 3 1/2 inch blade and notched combat-style grip with a large metal hilt guard designed to prevent the user’s fingers from sliding onto the blade); K.H. v. State, 29 So.3d 426, 428 (Fla. 5th DCA 2010) (distinguishing a knife that was a “folding-type switchblade with a double-edged blade approximately three inches in length” and determining that such features were “not usual for an ordinary or common pocketknife but more characteristic of a knife designed to be a weapon”).
The trial court, in its analysis, considered several weapon-like characteristics of the knife: a clip to attach to a belt, a knob that makes the blade easy to open, a locking mechanism, and a textured handle. The record does not support the ultimate conclusion of the trial court that these features distinguish the knife from a “common pocketknife” within the definition set forth by the Florida Supreme Court. We reverse and remand for entry of a judgment of dismissal.
DAMOORGIAN and GERBER, JJ., concur.
MARX, KRISTA, Associate Judge, concurs specially with opinion.