MARX, KRISTA, Associate Judge,
concurring specially.
Although I concur in this opinion, I write separately to urge the Legislature to address the issue raised by this case. Over the years, there have been variations in the statutory language and consequently the case law as to whether a person may lawfully possess a common pocketknife on school property or at a school bus stop. Compare R.H. v. State, 56 So.3d 156 (Fla. 4th DCA 2011), with A.B. v. State, 757 So.2d 1241 (Fla. 4th DCA 2000).
*828 The trial court expressed concern that it would not make sense to find that the knife was a common pocketknife when it seemed more dangerous than a razor blade or box cutter, which do qualify as weapons under the statute. This is particularly troublesome in light of C.R.’s statement that he brought the knife to school because he needed it for protection against a bully and that he intended to use the knife.
In the present climate of bullying and violence on school campuses, it is difficult to reconcile the result this court must reach based on the present law. As with all cases that implicate constitutional rights, there will inevitably be conflict between two opposing ideologies. While it is important to resist a trend toward criminalization of otherwise innocent conduct, it is difficult to imagine that reasonable minds would differ as to the soundness of disallowing razor blades or box cutters on school campuses, but not knives such as the one in this case. A knife with nearly a four-inch blade can quickly become a dangerous instrument.
Sound public policy dictates that it is necessary to promote safety within schools. The Legislature could certainly fashion a law that prohibits unauthorized knives of any kind on school property without infringing upon the lawful use of some knives in other settings. Section 790.115, Florida Statutes, generally proscribes weapons on school property and excepts from its proscription “common pocketknives.” In 2006, when the Legislature most recently changed the statutory language which adopted the definition of weapon from section 790.001(13), Florida Statutes (exempting pocketknives), the legal effect of this change may not have been contemplated. In practical application, this language gives anyone on a school campus or school property the general statutory right to possess a knife with a blade of up to four inches in length. Legislative review would enable a closer look at the appropriateness of the end result mandated by this law and an examination of whether such result was indeed the intent of the Legislature.