PER CURIAM.
D.J. appeals an order finding him guilty, but withholding adjudication of delinquency and imposing probation, for possession of a weapon or firearm on school property. He claims the trial court erred when it denied his motion for judgment of dismissal and determined the knife he was charged with carrying was not a common pocketknife, but a weapon, as defined in section 790.001(13), Florida Statutes.
The knife in this case is a folding knife that snaps closed and locks into place. It has a partially serrated, curved single-edge blade with a pointed tip. The length of the blade is slightly less than three inches, and the entire length of the blade and handle is less than four inches. The blade shows quite a bit of wear and scratches consistent with significant use. A clip on the handle allows the knife to be attached to a belt. At trial, the arresting *858 officer testified the knife could be opened in a smooth action with one hand and the blade locks into place.
The trial court held the knife was distinguishable from a common pocketknife because it was larger and heavier than a common pocketknife, snaps out in a smooth action and locks into place, and the blade has serrations, is very sharp, and very pointy. On appeal, the State argues that the knife at issue in this case is not a common pocketknife because it has a serrated edge.
The standard of review for a motion for judgment of dismissal in juvenile cases is de novo. R.H. v. State, 56 So.3d 156, 157 (Fla. 4th DCA 2011).
In L.B. v. State, 700 So.2d 370 (Fla.1997), the supreme court defined a “common pocketknife” as “[a] type of knife occurring frequently in the community which has a blade that folds into the handle and that can be carried in one’s pocket.” Id. at 372. Following a 1951 Florida Attorney General’s opinion, the court held that a pocketknife with a blade of four inches or less in length which could be carried in one’s pocket was presumed to be a “common pocketknife,” although the court declined to apply a bright-line rule. Id. at 373 n. 4 (citing Op. Att’y Gen. Fla. 051-358 (1951)).
In T.S.W. v. State, 82 So.3d 1021 (Fla. 4th DCA 2011), we recently held that a knife with a three-and-a-quarter inch partially serrated blade and a grooved handle was a common pocketknife, because it had “no weapon-like characteristics such as a hilt guard, notched combat-style grip, double-edged blade, or switchblade; furthermore, it was not carried in an open and locked position.” Also, in C.R. v. State, 73 So.3d 825 (Fla. 4th DCA 2011), we determined that a knife with a blade of less than four inches that included features such as a belt clip, a knob to open the blade, a locking mechanism, and a textured handle was not distinctive enough to be distinguishable from a common pocketknife.
In this case, the three-inch knife carried by D.J. lacks any of the weapon-like characteristics we noted in T.S.W., and includes features we have previously held to not distinguish a knife from a common pocketknife. Therefore, we find the trial court erred in denying the motion for judgment of dismissal.

Reversed.

MAY, C.J., HAZOURI, and CONNER, JJ., concur.