PER CURIAM.
Appellant, William Norris, appeals the revocation of his probation in two cases and the resulting imposition of new sentences for his underlying offenses. In both cases, the trial court found that Appellant violated his probation by engaging in the conduct proscribed in section *231 562.11(l)(a)l., Florida Statutes (2009), among other violations. Although the court made this finding in reference to the allegation in the affidavit of violation of probation that Appellant committed the criminal offense of “Contributing to the Delinquency of a Minor,” the record establishes that the court relied on the elements of an unrelated statute, section 562.11(l)(a)l., and not section 827.04, which defines contributing to the delinquency of a minor. Because the conduct proscribed in section 562.11(l)(a)l. was not charged, the trial court fundamentally erred in relying on this statute for a finding of violation of probation. See Bishop v. State, 21 So.3d 830, 832 (Fla. 1st DCA 2008).
The trial court has yet to consider whether Appellant contributed to the delinquency of a minor under the applicable statute. We, therefore, reverse the finding that Appellant contributed to the delinquency of a minor and remand for consideration of this issue under section 827.04(3), while affirming the remaining violations. If the trial court finds no violation of section 827.04(3), it is directed to consider whether Appellant’s probation should be revoked and the same sentences imposed based on the remaining violations alone. See Hostetter v. State, 82 So.3d 1217, 1221 (Fla. 1st DCA 2012). We also direct the trial court to enter a written order of revocation of probation in case number 07-2267. See Leggs v. State, 27 So.3d 155,155 (Fla. 1st DCA 2010).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
PADOVANO, ROWE, and RAY, JJ„ concur.