EDWARDS, J.
Brittany Messineo (“Appellant”), appeals the trial court’s ruling that she violated three conditions of her probation: Condition 4, which prohibited possession of weapons, Condition 23, which required Appellant to perform forty hours of community service, and Condition 24, which required her to undergo a psychological evaluation. Because there was no evidence of a willful and substantial violation, we reverse the lower court’s order and remand to the trial court to vacate the judgment of conviction for violation of probation.
Appellant pleaded guilty to resisting arrest with violence and battery on a law enforcement officer. On April 23, 2013, the court sentenced her to complete one year of drug offender probation. Condition 4 of the probation order prohibited the possession of weapons. Condition 23 required Appellant to perform forty hours of community service, but did not specify a time limit for completion nor did it establish minimum service hours per month.
Shortly afterwards, Appellant violated her probation. On May 31, 2013, her probation was reinstated and modified to include Condition 24, which required her to undergo a psychological evaluation. No schedule or deadline was established for the completion of the evaluation. On September 23, 2013, after violating her probation a second time, Appellant’s probation was reinstated and extended by two years, which meant her probation would expire on April 22, 2016. All of the other conditions remained the same as those imposed on May 31,2013.
On October 21, 2013, Appellant was arrested for possession of a folding pocketknife that had a two-inch blade. A deputy discovered a pocketknife in Appellant’s purse during a consensual search conducted incidental to a traffic stop. The deputy testified that when asked about the pocketknife, Appellant stated she often walked home alone and carried the pocketknife for protection.
At the violation of probation hearing, Appellant admitted that she had not completed the psychological evaluation or the community service hours. She testified that she was previously unable to complete the hours because of complications with her pregnancy, but contended that she had recently made an appointment for the psychological evaluation. She admitted to having the pocketknife in her purse, but testified that she did not recall telling the deputy that she kept it for protection. Appellant’s probation officer testified that she had specifically told Appellant that she could not possess any kind of weapon, including knives, although she had not specified any particular types of knives as forbidden. The probation officer also testified that she had repeatedly instructed Appellant to perform her community service hours, but Appellant never complied. The trial court found that Appellant had violated Conditions 4, 23, and 24, sentenced her to 15 days incarceration, and reinstated her probation while deleting Conditions 23 and 24 going forward.
The trial court erred in finding that Appellant violated Condition 4, as the two *1108 inch pocketknife that she had in her purse was not a “weapon,” When the conditions of probation do not define “weapon,” as is the situation here, the definition of “weapon” from section 790.001(18), Florida Statutes, applies. See Bishop v. State, 21 So.3d 830, 832 (Fla. 1st DCA 2008). Section 790.001(13) defines “weapon” as “any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife.” (emphasis added).
In discussing “common” versus “other” types of pocket knives, the Fourth District Court reversed an order finding a juvenile guilty of possession of a weapon on school property. D.J. v. State, 83 So.3d 857 (Fla. 4th DCA 2011). In D.J., the juvenile possessed a folding po.cketknife with a three inch, partially serrated, curved single-edge blade with a pointed tip. Id. at 857-58. The court found that this knife was not a weapon, but instead a “common pocket knife” that lacked “weapon-like” characteristics. Id. at 858. In contrast, in J.D.L.R. v. State, 701 So.2d 626 (Fla. 3rd DCA 1997), the Third District Court accepted the trial court’s analysis that the particular knife possessed by the defendant had weapon-like characteristics which arguably placed it outside the category of a “common pocketknife.” The knife was. described as “a folding knife with a pointed 3 1/2 inch blade, notched combat-style grip and large metal hilt guard (to prevent the user’s fingers from sliding onto the blade).” Id. at 627.
Here, the trial court acknowledged that Appellant’s pocket knife is not classified as a weapon under section 790.001(13), but reasoned that it was a weapon because she carried it for self-defense. However, a pocketknife carried for protection is not necessarily a weapon. C.R. v. State, 73 So.Sd 825, 827 (Fla. 4th DCA 2011) (holding that a juvenile who carried a common pocketknife to protect himself from a school bully did not violate a statute prohibiting weapons in school).
Additionally, the State argues that Appellant’s probation officer told her that she was not permitted to possess knives of any kind. However, “[a] probation officer has no authority to impose additional conditions of probation, even if the court has ordered the probationer to follow all instructions the officer may give.” Bishop, 21 So.3d at 832 (citing Paterson v. State, 612 So.2d 692, 694 (Fla. 1st DCA 1993) (“The condition that appellant comply with all instructions the probation officer may give him is also insufficient to support a violation of probation for failure to follow an instruction by the probation officer .•.. when such [instruction] was not ordered by the trial judge”)). Thus, the fact that Appellant’s probation officer told her that she could not possess any knives did not redefine or expand the definition of “weapon” in Condition 4 and was not evidence that Appellant willfully violated her probation by carrying this pocketknife.
The trial court also erred in finding that Appellant violated conditions 23 and 24 of her probation because there were no schedules or deadlines set for compliance, other than the implicit requirement to complete them before the conclusion of her probation term. In Pollard v. State, 930 So3d 854, 855 (Fla. 2d DCA 2006), the State alleged that the probationer violated the condition of his probation that required community service because he failed to complete any community service hours during a two-month period. The probationer argued that he had twenty-two months of probation remaining to complete twenty-five hours of community service. Id. The Second District Court found that the State cannot prove a willful and ■ substantial violation of a probation condition if the probation- order lacks ■ a *1109 specified date by which a probationer is required to complete a particular task and the probationer is not at the end of his probationary period. Id. Similarly, in Ballien v. State, 942 So.2d 981, 982 (Fla. 5th DCA 2006), this court found that the State was unable to prove a willful and substantial violation of probation because the trial court’s probation order never set - forth how many community service hours defendant was required to complete monthly. While Appellant had not begun her community service requirement during the first twelve months of her probationary term, she had eighteen months of probation remaining at the time the court violated her probation for violating Conditions 23 and 24.
For the reasons set forth above, we reverse the court’s original and amended judgments and sentences entered December 16, 2013, and remand for the trial court to vacate same and to ensure that Appellant’s scoresheet is corrected to reflect this ruling. The trial court deleted Condition 23, stating that Appellant was going to do the time in jail instead of the previously ordered forty hours of community service. As Appellant has already served her fifteen-day term of imprisonment in the county jail, Condition 23 is not to be reinstated. In removing Condition 24, the psychological evaluation, the trial court stated there was no point in imposing the condition because it seemed unlikely that Appellant would comply with the condition in the future, given her failure to do so previously. Thus, Condition 24 should not be reinstated at this time.
REVERSED AND REMANDED
LAWSON, C.J. and WALLIS, JJ., concur.